QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Gregory P. Sitrick (*pro hac pending*)
gregory.sitrick@quarles.com
Wendy K. Akbar (*pro hac pending*)
wendy.akbar@quarles.com

LUCE FORWARD HAMILTON
& SCRIPPS LLP
121 Spear Street, Suite 200
San Francisco, CA 94105
Jeffrey L. Fillerup (CA Bar No. 120543)
jfillerup@luce.com

600 West Broadway, Ste. 2600
San Diego, Ca 92101
Callie Bjurstrom (CA Bar No. 137816)
cbjurstrom@luce.com

*Attorneys for Plaintiff Cabela's, Inc.*

FILED
MAR 23 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CABELA'S, INC.<br>Plaintiff,<br>vs.<br>KELORA SYSTEMS, LLC,<br>Defendant. | Case No. C11-01398 <br><br>**COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL** |

Plaintiff Cabela's, Inc., through counsel, alleges as follows.

## THE PARTIES

1. Cabela's, Inc. ("Cabela's") is a Delaware corporation with its principal place of business at One Cabela Drive, Sidney, Nebraska 69160.

2. Upon information and belief, Defendant Kelora Systems, LLC ("Kelora") is a Delaware limited liability company having its principal place of business at 19925 Stevens Creek Boulevard Suite 100, Cupertino CA 95014.

## NATURE OF THE ACTION

3. This is a declaratory judgment action in which Cabela's seeks a determination that it does not infringe U.S. Patent No. 6,275,821 ("'821 patent") under 35 U.S.C. §271; that the '821 patent is invalid under at least 35 U.S.C. §§ 102, 103, and/or 112.

## JURISDICTION AND VENUE

4. Upon information and belief, this Court has personal jurisdiction over Kelora because Kelora is doing business in, and has its principal place of business in, this Judicial District at 19925 Stevens Creek Boulevard Suite 100, Cupertino CA 95014.

5. This Court has subject matter jurisdiction over Cabela's claims under 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## INTRADISTRICT ASSIGNMENT

7. This intellectual property action normally would be assigned on a district-wide basis under Civil Local Rule 3-2(c); however, under Rule 3-12, this action is related to the following pending cases: *PartsRiver, Inc. v. Shopzilla, Inc. et al.*, No. 4:09-cv-00811 CW ("the PartsRiver lawsuit"); *eBay Inc. v. PartsRiver, Inc. and Kelora Sys., LLC*, Nos. 4:10-cv-05106 CW and 4:10-cv-04947 CW ("the eBay lawsuits"), and *Microsoft Corp. v. PartsRiver, Inc. and Kelora Sys., LLC*, No. 4:10-cv-05108 CW ("the Microsoft lawsuit"), which are all related and assigned to Judge Wilken in the Oakland Division on January 6, 2011, and *Shopzilla, Inc. v. Kelora Systems, LLC*, No. 4:11-cv-00502 CW ("the Shopzilla lawsuit") (collectively, "California Lawsuits"), which is also related, was filed on February 2, 2011 and assigned to Judge Wilken as well.

8. PartsRiver is Kelora's predecessor-in-interest to ownership of the '821 patent. PartsRiver previously asserted original claims 1 and 2 of the '821 patent against

the defendants in the PartsRiver lawsuit. Upon information and belief, PartsRiver assigned all rights to and claims under the '821 patent to Kelora prior to issuance of the certificate of reexamination for the '821 patent. The Microsoft, eBay and Shopzilla lawsuits were subsequently filed by defendants in the PartsRiver lawsuit as declaratory judgment actions against PartsRiver and Kelora, and requested declarations as to the non-infringement and invalidity of at least reexamined claims 1 and 2 of the '821 patent.

## FACTUAL BACKGROUND

9. The '821 patent is entitled *Method and System for Executing a Guided Parametric Search* and originally issued August 14, 2001. A true and correct copy of the '821 Patent is attached as Exhibit A.

10. The '821 patent expires on October 14, 2014.

11. Upon information and belief, PartsRiver is and/or was the owner by assignment of the '821 patent.

12. Upon information and belief, Kelora is the owner by assignment of the '821 patent.

13. On October 3, 2007, PartsRiver filed suit in the Eastern District of Texas (No. 2:07-cv-440-DF) alleging that the following companies infringe the '821 patent: Shopzilla, Inc.; ValueClick, Inc.; PriceRunner Limited; Yahoo!, Inc.; PriceGrabber.com, Inc.; eBay, Inc.; and Microsoft Corporation ("Texas Lawsuit"). A copy of this Complaint is attached as Exhibit B.

14. On December 22, 2008, the United States Patent and Trademark Office ("USPTO") determined that a substantial new question of patentability affected claims 1 and 2 of the '821 patent and ordered *ex parte* reexamination of those claims (Reexamination Control No. 90/009,316). A copy is attached as Exhibit C.

15. On January 30, 2009, the Court in the Eastern District of Texas transferred PartsRiver's action to the Northern District of California, where it was assigned to Judge Wilken as Civil Action No. 4:09-cv-00811-CW.

16. On May 28, 2009, defendants in that case filed with Judge Wilken a motion for summary judgment of noninfringement and invalidity of claims 1 and 2 of the '821 patent (No. 4:09-cv-00811-CW, Dkt #201).

17. On June 18, 2009, an examiner at the USPTO issued an Office Action rejecting claims 1 and 2 of the '821 patent under 35 U.S.C. § 102(b) as anticipated by Granacki et al., *A Component Library Management System and Browser,* ISI Research Report, ISI/RR-93-386, USC/Information Sciences Institute, April, 1993. A copy of this Office Action is attached as Exhibit D.

18. On August 21, 2009, Judge Wilkin granted summary judgment that claims 1 and 2 of the '821 patent were invalid under 35 U.S.C. § 102(b) due to the on-sale bar (No. 4:09-cv-00811-CW, Dkt # 234). A copy of Judge Wilkin's opinion and order is attached as Exhibit E.

19. On September 18, 2009, PartsRiver appealed Judge Wilken's summary judgment of invalidity to the United States Court of Appeals for the Federal Circuit.

20. On September 18, 2009, PartsRiver also appealed the Examiner's final rejection of claims 1 and 2 to the Board of Patent Appeals and Interferences ("BPAI").

21. On May 20, 2010, while its appeal before the BPAI was pending, PartsRiver requested entry of an amendment to claim 1, as well as entry of a new claim 9. In its remarks accompanying the amendment, PartsRiver stated:

> The Amendment of claim 1 presented herein adjusts the claim language of claim 1 to correspond to that of allowed claim 9. Claim 1 is now believed to reflect, albeit explicitly, the legal scope of claim 1 as previously issued. As such, although the text of claim 1 has been altered by amendment, the claim scope is legally identical to that of originally issued claim 1. This change in language has been adopted for the sole purpose of terminating the present reexamination to avoid lengthy appeal proceedings.

A copy of PartsRiver's request is attached as Exhibit F.

22. On June 24, 2010, the Examiner dismissed PartsRiver's appeal to the BPAI and issued a Notice of Intent to Issue Reexamination Certificate ("NIRC") stating that the amended claim 1 and the new claim 9 were allowable.

23. Upon information and belief, on October 7, 2010, PartsRiver executed an agreement assigning all of its interest in the '821 patent to Kelora, including all claims asserting the '821 patent.

24. Upon information and belief, in October 2010, PartsRiver filed a motion as part of its appeal in the Federal Circuit.

25. Upon information and belief, after informing the USPTO that the scope of reexamined claim 1 and its dependent claim 2 of the '821 patent was *legally identical* to that of originally issued claims 1 and 2, in its Motion to the Federal Circuit PartsRiver argued that a *change in scope* of newly amended claims 1 and 2 rendered the Federal Circuit appeal moot and warranted vacatur of Judge Wilken's invalidity finding.

26. Upon information and belief, on October 29, 2010, an Assignment of Assignor's Interest was recorded at the USPTO, assigning all of PartsRiver's interest in the '821 patent to Kelora, at reel/frame No. 025217/0633. A copy of this document is attached as Exhibit G.

27. On November 2, 2010, the USPTO issued a reexamination certificate for the '821 patent reflecting the allowed amendment to claim 1, the confirmation of unamended claims 2-8, and the allowed new claim 9. A copy of this certificate is attached as Exhibit H.

28. On November 8, 2010, Kelora filed a civil action in the Western District of Wisconsin (No. 3:10-cv-683-SLC) alleging that the following companies infringe the '821 patent: Target Corporation; OfficeMax Incorporated; ShopKo Stores Operating Co., LLC; Briggs & Stratton Corporation; Chelsea & Scott, Ltd., d/b/a One Step Ahead & Leaps And Bounds; National Business Furniture, LLC' BuyOnlineNow, Inc.; Rockler Companies, Inc.; IDW, LLC, d/b/a ID Wholesaler; 1-800-Flowers.com, Inc.; PC Connection, Inc.; Eastbay, Inc.; and Mason Companies, Inc., d/b/a Maryland Square ("Wisconsin Lawsuit"). A copy of this Complaint is attached as Exhibit I.

29. After informing the USPTO that the scope of reexamined claim 1 and its

-5-
COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

QB\12786805.2

dependent claim 2 of the '821 patent was *legally identical* to that of originally issued claims 1 and 2, in its Opposition to the Wisconsin Lawsuit defendant Dell, Inc.'s Motion for Leave to Present, in its Motion to Dismiss or Transfer, Matters Outside the Pleadings, Kelora argued that "Comparison of the Original and Amended Claims Demonstrates That the Amended Claims Raise New Issues Precluding Collateral Estoppel." (Dkt #117, No. 3:10-cv-683-SLC, at p. i & 6-8). A copy of this brief is attached as Exhibit J.

30. Upon information and belief, on January 20, 2011, Kelora sent a demand letter to a company named Nebraska Furniture Market ("NFM") accusing its website www.nfm.com of infringing the '821 patent "by performing guided parametric search in a manner that practices all of the claim limitations of one or more claims of the '821 Patent." A copy of this demand letter is attached as Exhibit K.

31. Kelora's letter further stated that it was willing to license the '821 patent to NFM for $100,000 and threatened to pursue its legal remedies if it did not receive a "satisfactory response" by February 3, 2011.

32. On February 3, 2011, NFM filed a declaratory judgment action against Kelora in the U.S. District Court for the District of Delaware, 1:11-cv-0115-LDD, requesting declaratory judgment of noninfringement, invalidity and intervening rights as to the '821 patent ("Delaware Lawsuit"). A copy of that complaint is attached as Exhibit L.

33. On February 23, 2011, Kelora, through counsel, sent a similar letter addressed to Cabela's "President or Chief Executive Officer" ("the Letter"), accusing Cabela's website, www.cabelas.com, of performing guided parametric search in a way that infringes the '821 patent. A copy of the Letter is attached as Exhibit M (excluding duplicate exhibits that appear as separate attachments in this Complaint).

34. The Letter stated that unless Cabela's agreed to purchase a license from Kelora for $750,000, Kelora would pursue its legal remedies.

35. The Letter further stated that Kelora had filed suit against "a number of

infringers" and enclosed a copy of the complaint from the Wisconsin Lawsuit.

36. The Letter made no mention of the Texas or California Lawsuits.

37. The Letter made no mention of the Delaware Lawsuit.

38. The Letter further stated that Kelora "reserves all rights with regard to the '821 Patent," which includes "the right to change this licensing program at any time without notice."

39. Even after the claims of the '821 patent were found invalid, Kelora continued to assert the '821 patent against numerous parties, including Cabela's, thus making this an exceptional case under 35 U.S.C. § 285.

40. Upon information and belief, as of March 23, 2011, Kelora contends that Cabela's should pay Kelora for a license to the '821 patent regarding the www.cabelas.com website that Kelora has accused of infringement.

41. Based on the foregoing, there is an actual controversy between Kelora and Cabela's concerning non-infringement and invalidity of the '821 patent including its reexamined claims.

42. In light of the threat of an infringement suit as outlined in Kelora's letter and its litigious history against so many defendants, this controversy is of sufficient immediacy and reality to justify the issuance of a declaratory judgment.

## COUNT I

### Declaratory Judgment of Noninfringement

43. Cabela's incorporates by reference the allegations of paragraphs 1-42 above.

44. Cabela's has not infringed, and is not now infringing the '821 patent, including any reexamined claims.

45. There is a justiciable controversy between the parties regarding the noninfringement of the '821 patent, and Cabela's is entitled to a declaratory judgment that will finally resolve this issue.

## COUNT II

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

QB\12786805.2

### Declaratory Judgment of Invalidity

46. Cabela's incorporates by reference the allegations of paragraphs 1-45 above.

47. The claims of the '821 patent, including at least reexamined claims 1 and 2, are invalid.

48. The claims of the '821 patent are invalid under the on-sale bar, 35 U.S.C. § 102(b), due to the actions of the named inventor Mohamed Sherif Danish, as detailed in the August 21, 2009 order granting summary judgment of invalidity, in Civil Action No. 4:09-cv-00811-CW (*see* Paragraph 18 & Exhibit E of this Complaint).

49. There is a justiciable controversy between the parties regarding the invalidity of the '821 patent, and Cabela's is entitled to a declaratory judgment that will finally resolve this issue.

### JURY DEMAND

Cabela's demands that all claims and causes of actions raised in this Complaint against Kelora be tried to a jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Cabela's prays for the following relief.

A. A declaration that Cabela's has not infringed and is not infringing the '821 patent;

B. A declaration that the '821 patent is invalid;

C. A declaration that Kelora may not bring an action against Cabela's for causes arising before November 2, 2010, with respect to at least reexamined claim 1 and its dependent claims 2-4, and newly added claim 9, of the '821 patent;

D. An order declaring Cabela's the prevailing party and that this is an exceptional case, awarding Cabela's its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

E. That Kelora be ordered to pay all costs associated with this action; and

F. That Cabela's be granted any other relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of March, 2011.

By _/s/ Callie A. Bjurstrom_

**QUARLES & BRADY LLP**

Gregory P. Sitrick
Wendy K. Akbar
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391

**LUCE FORWARD HAMILTON & SCRIPPS LLP**

Jeffrey L. Fillerup
121 Spear Street, Suite 200
San Francisco, CA 94105

Callie Bjurstrom
600 West Broadway, Ste. 2600
San Diego, Ca 92101

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2011, I mailed this Complaint and accompanying documents to Defendant's counsel via overnight mail, at the following address:

Robert D. Becker

Manatt Phelps & Phillips, LLP

1001 Page Mill Road, Building 2

Palo Alto, California 94304-1006

rbecker@manatt.com

*/s/ Ann Leverton*

ANN Leverton