UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Cabela's Inc., | No. 4:11-cv-1398-CW |
| Plaintiff, | No. 4:11-cv-1548-CW |
| vs. | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| Kelora Systems, LLC, | Hearing Date: Tuesday, May 31, 2011 |
| Defendant. | Hearing Time: 2:00 p.m. |
| | Place: Courtroom 2, 4th Floor |
| Kelora Systems, LLC, | |
| Plaintiff, | |
| vs. | |
| Target Corp., et al., | |
| Defendants. | |

## JOINT CASE MANAGEMENT STATEMENT

The parties have conferred and hereby submit this Joint Case Management Statement pursuant to Fed. R. Civ. P. 26(f), Civil L.R. 16-9, Patent L.R. 2-1, and the Court's May 5, 2011 Orders Accelerating the Case Management Conferences to May 31, 2011 [11-1398, Dkt No. 17 and 11-1548, Dkt No. 197].

### 1.    Jurisdiction and Service

Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

These related cases are patent cases, all involving the same patent (U.S. Patent No. 6,275,821 ("'821 patent")). The parties agree that there is subject matter jurisdiction under 35 U.S.C. §§ 1331

and 1338(a), and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  There is no dispute that personal jurisdiction (and thus venue) is proper.  All parties have been served.

### 2.   Facts

> Facts:  A brief chronology of the facts and a statement of the principal factual issues in dispute.

On October 3, 2007, PartsRiver, Inc., filed its original complaint in the Eastern District of Texas against, among others, eBay Inc., Microsoft Corporation, Shopzilla, Inc., and Yahoo! Inc., asserting infringement of the '821 patent.  (E.D. Texas Case No. 2:07cv440)  Upon defendants' motion, that case was transferred to this district.  In this Court, the transferred defendants moved for summary judgment of invalidity of original claims 1 and 2 of the '821 patent based on the on-sale bar.  This Court found original claims 1 and 2 invalid due to the on-sale bar.  (Case No. 09-cv-00811, Dkt. No. 234)  Following dismissal of its appeal of the invalidity judgment as moot, PartsRiver moved to vacate this Court's judgment pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b).  (Case No. 09-cv-00811, Dkt. No. 260)  This Court denied PartsRiver's motion.  (Case No. 09-cv-00811, Dkt. No. 279)

In 2008, an *ex parte* reexamination of the validity of original claims 1 and 2 of the '821 patent was filed.  On November 2, 2010, the Patent Office issued a reexamination certificate in which original claims 1 and 2 of the '821 patent were amended (the "amended claims"), and a new claim 9 was added.  On that same day, November 2, 2010, eBay and Microsoft filed a complaint (Case No. 10-4947) against PartsRiver seeking a declaratory judgment of invalidity, noninfringement, and/or that intervening rights apply with respect to the amended claims.  On November 8, 2010, Kelora filed suit against 20 defendants in the Western District of Wisconsin (now Case No. 11-1548).  The Wisconsin Court conducted a preliminary pre-trial conference on March 3, 2011.

On February 2, 2011, Shopzilla, Inc. filed a declaratory judgment action in the Northern District of California seeking the same relief as Microsoft and eBay.  (Case No. 11-502)  On February 3, 2011, Nebraska Furniture Mart Inc. filed a complaint against Kelora in the District Court of Delaware seeking a declaratory judgment of non-infringement and invalidity.  (Delaware Case

No. 11-cv-115)  On March 23, 2011, Cabela's filed the present declaratory judgment action against Kelora in the Northern District of California.  On March 24, 2011, the Wisconsin matter was transferred to the Northern District of California.  On May 5, 2011, the Delaware matter was transferred to the Northern District of California; on May 24, 2011, this Court ordered the Delaware matter to be deemed a related matter to Case No. 10-4947.  (Case No 10-4947, Dkt. No. 73).

Mason Companies, Inc., has answered Kelora's complaint in Case No. 11-1548 and sought declaratory relief for non-infringement and invalidity.  The defendants currently in Case No. 11-1548 are: Target Corporation, OfficeMax Incorporated, ShopKo Stores Operating Co., LLC, Briggs & Stratton Corporation, National Business Furniture, LLC, Rockler Companies, Inc., 1-800-Flowers.com, Inc., PC Connection, Inc., Mason Companies, Inc. d/b/a Maryland Square, Amazon.com, Inc., Dell Inc., Office Depot, Inc., Newegg Inc., Costco Wholesale Corporation, Hewlett-Packard Development Company, L.P., and CircuitCity.com Inc. (collectively, "Target Defendants").

### 3. <u>Legal Issues</u>

<u>Legal Issues</u>:  A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

The parties agree that the principal legal issues in dispute include:

a.      The meaning of various claim terms of the '821 patent;

b.      Whether the '821 patent is infringed;

c.      Whether the '821 patent is invalid;

d.      If the '821 patent is infringed and not invalid, the appropriate relief to which Kelora is entitled;

e.      The collateral estoppel effect of the prior final judgment of invalidity with respect to the claims of the '821 patent amended in reexamination;

f.      Whether any injunction(s) should issue;

g.      If the '821 patent is infringed and valid, what damages and/or other relief would be appropriate;

300258471.4

h.     If the '821 patent is infringed and valid, whether such infringement was willful;

i.     If any infringement the '821 patent was willful, whether increased damages should be awarded;

j.     Whether any party is entitled to attorney's fees under 35 U.S.C. § 285 or costs.

### 4.     Motions

Motions:  All prior and pending motions, their current status, and any anticipated motions.

*Prior motions*:  Defendants in Case No. 11-1548 all filed or joined in motions to transfer the matter to the Northern District of California.  Transfer was ordered on March 24, 2011 in Dkt. No. 158.  The only other prior motions relate to Pro Hac Vice appearances.

In related Case No. 10-4947, Declaratory Judgment Plaintiffs eBay and Microsoft moved for summary judgment of invalidity of the '821 patent and/or for summary adjudication that the '821 patent cannot give rise to liability for infringement before November 2, 2010.  The Court (1) summarily adjudicated that Kelora may not seek damages for infringement before November 2, 2010, (2) denied the motion to the extent that it sought summary judgment of invalidity based on the Court's invalidity judgment in PartsRiver, and (3) denied the motion without prejudice to the extent that it sought summary judgment of invalidity based on 35 U.S.C. § 305, and (4) ordered that the § 305 motion may be renewed in connection with a motion for claim construction and summary judgment.  (Case No. 10-4947, Dkt. 70)

*Pending motions*:  While Case No 11-1548 was pending in Wisconsin, the Target Defendants filed or joined a motion to dismiss or a motion for judgment on the pleadings for failure to state a claim based, in part, on their contention that Kelora's Amended Complaint fails to comply with the pleading standard under Rule 8 (Case No. 11-1548, Dkt. Nos. 76, 87, 88, 98, 100), which Kelora disputes as set forth in the parties' briefing (Case No. 11-1548, Dkt. Nos. 120, 127).  Briefing on those motions was completed prior to the transfer.  With the exception of Dell's Motion to Dismiss, referenced below, none of these motions is currently scheduled for hearing before this Court.  1-800 Flowers, Amazon.com, Briggs & Stratton, CircuitCity.com, Costco, National Business

Furniture, Office Depot, OfficeMax, PC Connection, Rockler Companies, Inc, Newegg Inc., ShopKo Stores Operating Co., and Hewlett-Packard Development Company, L.P., and Target have proposed a stipulation under which they will file their Answers to Kelora's First Amended Complaint within thirty (30) days from the proposed date for Kelora to serve its infringement contentions pursuant to the Local Patent Rules (June 9, 2011). Defendants Dell, Inc. and Mason Companies, Inc. , LLC have not joined in this proposed stipulation. Kelora informed the Defendants on May 24, 2011, that it believes that the Target Defendants have sufficient basis to answer the First Amended Complaint much sooner, as set forth in Section 17 below and therefore will not agree to the proposed stipulation. Because Kelora has rejected the proposed stipulation, at least Defendants 1-800-FLOWERS.com, Amazon.com, CircuitCity.com, Costco, Office Depot, OfficeMax, Hewlett-Packard Development Company, L.P., National Business Furniture, Shopko, Newegg, Rockler, and Target intend to notice the previously-briefed motions for hearing.

Before the Wisconsin matter was transferred, Hewlett-Packard Development Company, L.P. ("HPDC") filed a motion to dismiss for lack of personal jurisdiction in the Western District of Wisconsin, based, in part, on the fact that HPDC contends it is a holding company that does not operate any potentially accused product or service (Case No. 11-1548, Dkt. No. 88), while Kelora contends that HPDC is subject to personal jurisdiction as the owner of websites that are at issue in this case (Case No. 11-1548, Dkt. No. 130). That motion was denied as moot by the Wisconsin Court. (Case No. 11-1548, Dkt. No. 88) HPDC has proposed a stipulation, under which Kelora would dismiss its claims without prejudice and file an amended complaint naming Hewlett-Packard Company ("HPC") rather than HPDC as a defendant.

Dell has renewed its motion to dismiss, originally filed in the District Court for the Western District of Wisconsin and in which Mason Companies originally joined. The motion to dismiss originally included arguments based on the purported collateral estoppel effect of the previous final judgment of invalidity (Case No. 11-1548, Dkt. No. 99, 110). On May 18, 2011, Dell filed an amended motion to dismiss (Case No. 11-1548, Dkt. No. 213) that withdrew the collateral estoppel arguments without prejudice in view of this Court's Order in the related action, *eBay Inc., et al. v.*

*PartsRiver, Inc., et al.*, 4:10-cv-04947. No other Target Defendant has filed any joinder in Dell's Renewed Motion. The Motion to Dismiss presently seeks dismissal based on Kelora's alleged failure to comply with Rule 8 pleading standards. Kelora believes that it has complied with Rule 8. Briefing on this motion is not yet complete. A hearing on Dell's motion is scheduled for June 9, 2011.

*Anticipated motions*: The parties will brief the issue of claim construction, and may file dispositive motions on the issues of (non)infringement and/or (in)validity that turn on the proper construction of the claims. Target Defendants may file motions to bifurcate discovery related to damages and willfulness, as well as motions to sever. In addition, in order to streamline and potentially eliminate unnecessary and costly discovery in this action, Target Defendants may file a motion for a limited stay of discovery in this action to allow for early briefing on motions for summary judgment of invalidity of the claims of the '821 patent.

Kelora believes that its proposed schedule set forth in Section 17 is consistent with the schedule ordered by the Court in Case No. 10-4947 in that it has a single hearing on claim construction and related summary judgment motions on November 17, 2011, and provides ample opportunity for thorough briefing. Kelora does not believe that there is any need for bifurcation, severance, or stays in this matter.

There are currently 16 defendants in the Case No. 11-1548 Action, and one or more of these defendants anticipate filing a third-party action against one or more vendors. Defendants respectfully acknowledge the Court's comments concerning proceeding on one track with all defendants in all related cases and, to that end, have proposed a schedule intended to accommodate potentially divergent views of both Kelora and the various defendants in these three actions, that would permit the defendants to work together and proceed on a single track, while minimizing potentially duplicative briefing. The schedule that the defendants propose extends the claim construction elements of the schedule proposed by plaintiff by approximately three (3) months, and the fact discovery cut-off by only three (3) weeks.

### 5.    Amendment of Pleadings

Amendment of Pleadings:  The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

Kelora filed an answer and counterclaims to Cabela's' complaint in Case No. 11-1398 on May 24, 2011.

Mason Companies, Inc., has answered Kelora's complaint in Case No. 11-1548 and sought declaratory relief for non-infringement and invalidity.  The remaining Target Defendants have not answered.  Certain of the Target Defendants are considering whether to bring claims against third-party vendors for indemnification.

It is Kelora's position that the Target Defendants' answers to Kelora's complaint should be due no later then June 7, 2011.

The parties agree that the parties will have 21 days from the filing of answers to their complaints to amend those complaints, and that the answering party will then have 14 days to amend its answer and/or counterclaims.  No amendments without leave of the Court will be allowed after August 11, 2011.

### 6.    Evidence Preservation

Evidence Preservation:  Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action.

The parties agree that additional issues will be discussed and negotiated in connection with the entry of a Stipulated Protective Order for this case.

### 7.    Disclosures

Disclosures:  Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

300258471.4

The parties will serve initial disclosures under FED. R. CIV. P. 26(a)(1) on or before June 29, 2011.

### 8. Discovery

Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

#### a. Discovery Limits

The parties agree to abide by the limits set forth in FEDERAL RULES OF CIVIL PROCEDURE 33, 34, and 36.

Cabela's and the Target Defendants believe that because the Court summarily adjudicated that Kelora may not seek damages for infringement before November 2, 2010 in Case No. No. 10-04947-CW, discovery concerning liability and damages shall be limited to the time period after November 2, 2010. Kelora disagrees with such proposed restrictions and believes that the scope of discovery should be determined by the Federal Rules of Civil Procedure and the case authority construing those rules.

Kelora may take a total of three (3) depositions (inclusive of both 30(b)(6) depositions and 30(b)(1) depositions of employees or agents) of Cabela's and of each Target Defendant. Cabela's and each Target Defendant believes that Kelora's total 30(b)(6) deposition time of Cabela and each Target Defendant should not exceed 7 hours, similar to the cap discussed in the following sentence; Kelora disagrees and believes that the Federal Rules of Civil Procedure should govern. Cabela's and Target Defendants may collectively take 14 hours of deposition (inclusive of both 30(b)(6) depositions and 30(b)(1) depositions of employees or agents) of Kelora, and, in addition, Cabela's and each Target Defendant may take an additional 7 hours of deposition (inclusive of both 30(b)(6) depositions and 30(b)(1) depositions of employees or agents). For avoidance of doubt, these limits do not apply to depositions of third parties or experts. The parties agree to use all reasonable efforts to coordinate the scheduling of 30(b)(6) depositions to coincide with depositions taken of individuals in their personal capacity, to minimize inconveniencing the witnesses. In addition, the parties shall

JOINT CASE MANAGEMENT STATEMENT — No. 11-1398 and No. 11-1548

meet and confer in good faith regarding the number and scope of 30(b)(6) topics in order to minimize any undue burden.

The parties agree that no party may engage in discovery conduct that is unduly burdensome or harassing in nature. Notwithstanding this agreement, either party may seek leave of court to exceed these agreed upon limits for good cause shown.

### b.      Expert Discovery

The parties agree that, consistent with the 2010 amendments to FEDERAL RULE OF CIVIL PROCEDURE 26, communications with experts and drafts of expert reports are not discoverable. The parties further agree that materials relied upon by experts in forming opinions expressed in final expert reports shall be discoverable.

An expert shall be made available for a deposition following service of an expert report. The deposition shall be limited to seven hours where the report covers common issues. Where the report covers issues specific to a party, the expert deposition shall be limited to seven hours plus an additional three hours per additional party addressed in the expert report.

### c.      Privilege Issues

(a)      The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed per se a waiver or impairment of any claim of privilege or protection. The parties agree that the provisions of Fed. R. Civ. P. 26(b)(5)(B) shall govern the procedures for assertion of privilege on privileged documents inadvertently produced.

(b)      The parties agree that the following do not need to be included on any privilege log provided pursuant to Rule 26(b)(5): any communications and documents generated after the commencement of the litigation, if privileged or protected as work product. Notwithstanding the foregoing, the parties reserve the right to request information within the scope of Rule 26(b)(5)(A) regarding such communications and documents on a case-by-case basis.

### d.      Protective Order

The parties will submit to the Court a proposed Protective Order governing the production and use of confidential information to be produced.

### e. Electronic Service

The parties consent in writing that service by electronic means shall be allowed as set forth in FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2)(E) and that such service shall be deemed complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. The parties agree that a document is deemed served on a particular day if sent by midnight Pacific time on that calendar day; otherwise it is deemed served on the next calendar day. The parties will meet and confer regarding service lists, but in the absence of any additional agreement, the parties will serve counsel of record who are deemed to have consented to electronic service.

### f. Electronic Discovery

The parties agree to produce all documents electronically, and agree to discuss and seek agreement on protocols with respect to identification, review, and production of electronically stored information. Electronically stored information shall be produced in an electronic format to be agreed upon by the parties (e.g., OCR and TIFF files with a Concordance, summation, or like compatible load file) and to reasonably accommodate one another's requests for OCR and load-file information to allow processing of production documents by the receiving party. Additionally, the parties agree to reasonably accommodate one another's requests for production of certain documents in native format, such as financial information in native Excel format, to facilitate use by each party and their experts. The parties will meet and confer regarding the scope and logistics of document production. The parties agree that this paragraph is not intended to alter the scope of discovery in this case.

### g. Topics of Patent L.R. 2-1(a)(1)-(4)

(1) Proposed modification of the obligations or deadlines set forth in these Patent Local Rules to ensure that they are suitable for the circumstances of the particular case: The parties have included proposed modifications to the obligations and deadlines established by the Patent Local Rules in the proposed schedule in Section 17 below.

300258471.4

(2) The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court: The scope and timing of discovery is set forth in Section 8 and the proposed schedule in Section 17 below.

(3) The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing: Kelora does not intend to rely upon live testimony for the Claim Construction Hearing. Cabela's and certain Target Defendants are still considering whether they wish to rely on live testimony. Unless the Court prefers otherwise, the parties agree that argument will proceed on a term-by-term basis, with both sides presenting argument on a term before the next term is addressed. Cabela's and the Target Defendants anticipate that the Claim Construction Hearing will take at least one (1) day. Kelora believes that the Claim Construction Hearing can be completed in four (4) hours.

(4) How the parties intend to educate the court on the technology at issue.

Kelora believes that no tutorial is necessary, but will provide one as ordered by the Court.

Cabela's and the Target Defendants believe a tutorial will be beneficial and will provide a tutorial to the Court in the form and at the time of the Court's preference.

### 9. Class Actions

Class Actions: If a class action, a proposal for how and when the class will be certified.

This is not a class action.

### 10. Related Cases

Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

The following other pending patent cases all involve the '821 patent:

- *PartsRiver, Inc., v. Shopzilla, Inc.; Yahoo! Inc.; eBay Inc.; and Microsoft Corporation*, No. 4:09-cv-00811-CW (filed Feb. 25, 2009).

- *eBay, Inc. and Microsoft Corp. v. PartsRiver, Inc. and Kelora Systems, LLC*, No. 4:10-cv-04947-CW (filed Nov. 2, 2010)

JOINT CASE MANAGEMENT STATEMENT — No. 11-1398 and No. 11-1548

- *Nebraska Furniture Mart, Inc., v. Kelora Systems, LLC,* No. 5:11-cv-02284-PSG (filed Feb. 3, 2011 in the District of Delaware and transferred in by this District on May 10, 2011. A stipulation to relate to Case No. 4:10-cv-04947-CW has been filed).

## 11.   Relief

Relief:  All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

Cabela's and the Target Defendants seek a judgment that the claims of the '821 patent are invalid and not infringed.  They further seek judgment that Kelora may not bring an action against any of them with respect to claims 1-4 and 9 of the '821 patent for causes arising before November 2, 2010, that they are prevailing parties, that this is an exceptional case, and that they be awarded their costs, expenses, disbursements, and reasonable attorney's fees.

Kelora denies that Cabela's and any of the Target Defendants are entitled to any of the relief they seek and pray for damages in the form of actual damages including lost profits and price erosion, but in no case less than a reasonable royalty, prejudgment and postjudgment interest and costs, attorney's fees, enhanced damages, and injunctive relief against Cabela's and each Target Defendant.

## 12.   Settlement and ADR

Settlement and ADR:  Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

In compliance with ADR L.R. 3-5, the parties are requesting private mediation, and expect to engage in private mediation in San Francisco, California.  Details of the mediation are still being established by the parties.

## 13.   Consent to Magistrate for All Purposes

Consent to Magistrate Judge For All Purposes:  Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

300258471.4

The parties do not all consent to a magistrate judge for all purposes.

**14.**     **Other References**

Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.**     **Narrowing of Issues**

Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

Once discovery and dispositive motions are complete, Target Defendants may seek bifurcation of certain issues, claims, or defenses and severance.

The parties do not, at present, suggest or identify any issues that are ripe for narrowing.

**16.**     **Expedited Schedule**

Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.**     **Scheduling**

Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

The parties respectively propose the following schedule, with dates in bold to be set by the Court and the other dates to be adjusted by the parties accordingly.

| Description | Kelora's Proposal | Cabela's and Target Defendants' Proposal |
|---|---|---|
| Case Management Conference | May 31, 2011 (per order of Court) | May 31, 2011 (per order of Court) |
| Answers due or otherwise respond | June 7, 2011 | |
| Deadline for Parties to Submit Joint Proposed Protective Order | June 20, 2011 | June 27, 2011 |

JOINT CASE MANAGEMENT STATEMENT — No. 11-1398 and No. 11-1548

300258471.4

| Description | Kelora's Proposal | Cabela's and Target Defendants' Proposal |
|---|---|---|
| Deadline for Initial Disclosures Pursuant to Rule 26(a)(1) | June 13, 2011 | June 29, 2011 |
| Hearing on Dell's Renewed Motion to Dismiss Complaint | June 9, 2011, 2PM | June 9, 2011, 2PM |
| Disclosure of Asserted Claims and Infringement Contentions (Patent L.R. 3-1)<br><br>Document Production Accompanying Disclosure (Patent L.R. 3-2) | June 9, 2011 | June 9, 2011 |
| Last day to amend Complaints without leave of Court | June 27, 2011 | October 10, 2011. |
| Invalidity Contentions (Patent L.R. 3-3)<br><br>Document Production Accompanying Invalidity Contentions (Patent L.R. 3-4) | July 7, 2011 | August 8, 2011 |
| Last day to amend Answers without leave of Court | July 11, 2011 | October 10, 2011 |
| Exchange of Proposed Terms for Construction (Patent L.R. 4-1) | July 14, 2011 | October 13, 2011 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | August 4, 2011 | October 20, 2011 |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | August 25, 2011 | November 10, 2011 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | September 2, 2011 | December 1, 2011 |
| Cabela's and Target Defendants to file opening briefs re: claim construction and any dispositive motions related to claim construction (contained within a single 25-page brief)[1] | September 15, 2011 | December 15, 2011 |

---

[1] Cabela's and the Target Defendants propose that given the number of Defendants in these actions, there be separate claim construction and summary judgment briefs. Kelora believes that the number of defendants is immaterial for claim construction briefing and that a single brief is sufficient. The schedule in Case No. 10-4947 contemplates a single brief.

JOINT CASE MANAGEMENT STATEMENT — No. 11-1398 and No. 11-1548

| Description | Kelora's Proposal | Cabela's and Target Defendants' Proposal |
|---|---|---|
| Kelora's opposition and any cross-motion contained within a single brief | October 6, 2011 | January 12, 2012 |
| Cabela's and Target Defendants' reply / opposition to cross-motion (contained within a single brief) | October 27, 2011 | February 2, 2012 |
| Kelora's surreply | November 3, 2011 | February 9, 2012 |
| Hearing on claim construction and related dispositive motions | November 17, 2011 2:00 p.m. | |
| Completion of Fact Discovery | February 3, 2012 | February 23, 2012 |
| Cabela's and Target Defendants to produce or make available opinion of counsel and related documents relied upon as defense to willful infringement, etc. (Patent L.R. 3-7) | 50 days after Claim Construction Order | 50 days after Claim Construction Order |
| Disclosure of identities and reports of expert witnesses | 50 days after Claim Construction Order | 50 days after Claim Construction Order |
| Rebuttal expert reports | 21 days after opening reports | 21 days after opening reports |
| Completion of Expert Discovery | 49 days after opening reports | 49 days after opening reports |
| Case Management Conference to finalize schedule for trial | April 10, 2012, 2:00 p.m. | |
| Parties to exchange (but not file or lodge) the papers described in Civil L.R. 16-10(b) (7), (8), (9), and (10), and their motions in limine (Standing Order for Pretrial Preparation, ¶ 1) | 30+ days before final pretrial conference | 30+ days before final pretrial conference |
| Deadline to meet and confer regarding Pretrial Conference Statement (Standing Order for Pretrial Preparation, ¶ 2) | 21 days before final pretrial conference | 21 days before final pretrial conference |

300258471.4

| Description | Kelora's Proposal | Cabela's and Target Defendants' Proposal |
|---|---|---|
| File Joint Pretrial Conference Statement, exhibit list and objections, witness list, discovery responses, trial briefs, motions in limine, joint proposed voir dire, joint proposed jury instructions, and proposed verdict forms<br><br>(Standing Order for Pretrial Preparation, ¶ 3) | 14 days before final pretrial conference | 14 days before final pretrial conference |
| Final Pretrial Conference | 14 days before trial | 14 days before trial |
| Trial | 10 days of trial beginning July 16, 2012 | 10 days of trial beginning _____ |

18. **Trial**

Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

The parties have demanded trial by jury. The parties expect trial to last 10 days. However, the parties propose addressing the final trial date, whether certain issues will be bifurcated, whether all parties will be tried together or in separate trials, etc., be finally determined at a case management conference shortly after the close of expert discovery, as proposed in Section 17.

19. **Disclosure of Non-Party Interested Entities or Persons**

Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Cabela's and Kelora have filed the "Certificate of Interested Entities or Person" as required by Civil Local Rule 3-16. Some of the Target Defendants have filed the "Certificates of Interested Entities or Person."

JOINT CASE MANAGEMENT STATEMENT — No. 11-1398 and No. 11-1548

***Kelora Systems, LLC***:   Rule 7.1 and Civil L.R. 3-16 disclosures filed on May 13, 2011 [11-1398, Dkt No. 18 and 11-1548, Dkt. No. 210].   With respect to Rule 7.1, there is no parent corporation for Kelora, and there is no publicly held corporation owning 10% or more of the stock of Kelora.  With respect to Civil L.R. 3-16, other than the named parties, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Mohamed Sherif Danish, Member of Kelora Systems, LLC; Robert Dailey, Member of Kelora Systems, LLC; Kris Kimbrough, Member of Kelora Systems, LLC; and Susan St. Ledger, Member of Kelora Systems, LLC.

***Cabela's Inc.***:  Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 23, 2011 [11-01398, Dkt. No. 4].  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

***1-800-Flowers.Com, Inc.***:  Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 24, 2011 [11-01548, Dkt. No. 248].  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

***Amazon.com Inc.***:  Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 23, 2011 [11-01548, Dkt. No. 228].  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

***CircuitCity.com, Inc.***:  Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 23, 2011 [11-01548, Dkt. Nos. 221-222].  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

***Costco Wholesale Corporation:***  Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 23, 2011 [11-01548, Dkt. No. 229].  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

300258471.4

**Dell Inc.**:  Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 24, 2011 [11-01548, Dkt. No. 233].  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**Hewlett-Packard Development Company, L.P.:**  Rule 7.1 and Civil L.R. 3-16 disclosures filed on May 23, 2011  [11-01548, Dkt. No. 231]. With respect to Rule 7.1, Hewlett-Packard Development Company L.P. is a wholly owned subsidiary of Hewlett-Packard Company, which is a publicly traded company.  There is no publicly held corporation owning 10% or more of the stock of Hewlett-Packard Company.

**Mason Companies, Inc.**:  Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 24, 2011.  [11-01548, Dkt. No. 245.]  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**National Business Furniture, LLC**:  Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 24, 2011 [11-01398, Dkt. No. 238].  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, the interested entities known to National Business Furniture, LLC are K+K America Corporation, TAKKT America Holding, Inc., and TAKKT AG, all of which are parent corporations to National Business Furniture, LLC.

**Newegg, Inc.:**  Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 24, 2011.  [11-01548, Dkt. No. 234.]  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**Office Depot, Inc.:**  Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 23, 2011 [11-01548, Dkt. No. 230].  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**PC Connection, Inc.:**  Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 23, 2011 [11-01548, Dkt. No. 249].  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

300258471.4

**Rockler Companies, Inc.:** Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 24, 2011. [11-01548, Dkt. No. 239.] Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**Target Corporation:** Rule 7.1 and Civil L.R. 3-16 disclosures were filed on May 23, 2011 [11-01548, Dkt. No. 232]. Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

### 20. Other

Other: Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

**Plaintiff's Position**

Kelora believes that these declaratory judgment actions should be consolidated into Case. No. 10-4947 at least for pre-trial purposes, and its proposed schedule reflects that. However, at this point, Kelora is not willing to agree to a consolidated trial schedule with Case No. 10-4947 or to a consolidated trial schedule for these two cases (Nos. 11-1398 and 11-1548). Rather, after the close of discovery and the rulings on dispositive motions, Kelora believes that the parties should meet and confer regarding how to try the remaining issues, and propose a plan for trial. A corresponding case management conference is provided in the schedule of Section 17.

**Cabela's and Target Defendants' Position**

The 1548 defendants respectfully note the Court's suggestion for a "one-track" case and the efficiency created by joint defense submissions (e.g., claim construction and invalidity issues). For the reasons discussed above, defendants have proposed a schedule to accommodate the need for approximately 20 defendants to work together on joint issues so that these three cases can proceed on one track to the extent practical.

JOINT CASE MANAGEMENT STATEMENT — No. 11-1398 and No. 11-1548
300258471.4

Dated: May 24, 2011

Respectfully submitted,

By: _s/ Robert D. Becker_
  Robert D. Becker (Bar No. 160648)
    <rbecker@manatt.com>
  Ronald S. Katz (Bar No. 85713)
    <rkatz@manatt.com>
  Shawn G. Hansen (Bar No. 197033)
    <shansen@manatt.com>
  MANATT, PHELPS & PHILLIPS, LLP
  1001 Page Mill Road, Building 2
  Palo Alto, CA  94304-1006
  Telephone:    (650) 812-1300
  Facsimile:     (650) 213-0260

_Counsel for_
**KELORA SYSTEMS, LLC**

By: _/s/ Aaron W. Moore_
  Matthew B. Lowrie (_pro hac vice_)
  mlowrie@foley.com
  Aaron W. Moore (_pro hac vice_)
  amoore@foley.com
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2600
Boston, MA 02199-7610
Tel: (617) 342-4000
Fax: (617) 342-4001

  Gina A. Bibby (Bar No. 242657)
  gbibby@foley.com
FOLEY & LARDNER LLP
975 Page Mill Road
Palo Alto, CA  94304-1013 T
Tel: (650) 856-3700
Fax: (650) 856-3710

_Attorneys for Defendants_
**BRIGGS & STRATTON CORPORATION
AND PC CONNECTION, INC.**

By: _s/ Kimball R. Anderson_
Kimball R. Anderson
Marlon E. Lutfiyya
WINSTON & STRAWN LLP
35 West  Wacker Drive
Chicago, Illinois  60601-5600
Phone:  (312) 558-5600
Fax:  (312) 558-5700
kanderson@winston.com
mlutfiyya@winston.com

_Attorneys for Defendant_
**DELL INC.**

By: _/s/ Shane Brunner_

MORRISON & FOERSTER
  DANIEL P. MUINO, CA Bar No. 209624
  dmuino@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

 OF COUNSEL:

MERCHANT & GOULD P.C.
  SHANE A. BRUNNER
  sbrunner@merchantgould.com
10 East Doty Street
Suite 600
Madison, WI 53703-3376
Telephone: (608) 280-6750
Facsimile: (612) 332-9081

MERCHANT & GOULD P.C.
  RACHEL CLARK HUGHEY
  RHughey@mechantgould.com
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

_Attorneys for Defendant_
**MASON COMPANIES, INC.**

300258471.4

By: _s/_ Niall A. MacLeod
Niall A. MacLeod (MN#269281)
Aaron A. Myers (MN#0311959)
BARNES & THORNBURG LLP
225 South Sixth Street, Suite 2800
Minneapolis, Minnesota 55402
(612) 333-2111
Email: Niall.macleod@btlaw.com
Email: Aaron.myers@btlaw.com


_Attorneys for Defendant_
**ROCKLER COMPANIES, INC.**

By: /s/ Phillip Shinn
    Kent E. Baldauf, Jr.
    Bryan P. Clark
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Phone (412) 471-8815
Fax (412) 471-4094
kbaldaufjr@webblaw.com
bclark@webblaw.com

    Phillip F. Shinn
    State Bar No. 112051
FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104-2734
Phone (415)364-5558 - direct
Fax (415)391-4436 - fax
pshinn@foxrothschild.com


_Attorneys for Defendant_
**NEWEGG INC.**

By: /s/ John S. Letchinger
    John S. Letchinger
    letchinger@wildman.com
    Douglas S. Rupert
    rupert@wildman.com
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606
312-201-2000

Clinton J. McCord
    mmcord@wildman.com
WILDMAN, HARROLD, ALLEN & DIXON LLP
9665 Wilshire Blvd.
Beverly Hills, CA 90212
310-860-8700


_Attorneys for Defendant_
**OFFICEMAX INC.**

By      /s/ Sarah E. Barrows
Sarah E. Barrows
Greenberg Traurig, LLP
153 Townsend Street
San Francisco, California 94107
Telephone: (415) 655- 1300
Facsimile: (415) 707-2010
Email: barrowss@gtlaw.com


_Attorneys for Defendant_
**CIRCUITCITY.COM INC.**

JOINT CASE MANAGEMENT STATEMENT — No. 11-1398 and No. 11-1548

By  /s/ David B. Perry

KILPATRICK TOWNSEND & STOCKTON LLP
David B. Perry (State Bar No. 255925)
Two Embarcadero Center, Eighth Floor
San Francisco, CA  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email: dperry@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
Vaibhav P. Kadaba (pro hac vice pending)
Catherine E. Hart (pro hac vice pending)
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email: wkadaba@kilpatricktownsend.com
        chart@kilpatricktownsend.com

*Attorneys for Defendant*
1-800-FLOWERS.COM, INC.

By  /s/ Dan D. Davison

John A. O'Malley (Bar No. 101181)
jomalley@fulbright.com
Aaron D. Gopen (Bar No. 268451)
agopen@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Tel: (213) 892-9200
Fax:(213) 892-9494

Dan D. Davison (*pro hac vice*)
ddavison@fulbright.com
Attorney-in-Charge
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel:   (214) 855-8000
Fax:   (214) 855-8200

Richard S. Zembek (*pro hac vice*)
rzembek@fulbright.com
Daniel S. Leventhal (*pro hac vice*)
dleventhal@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax:   (713) 651-5246

Gilbert A. Greene (*pro hac vice*)
ggreene@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701-2978
Tel:   (512) 474-5201
Fax:   (512) 536-4598

*Attorneys for Defendants*
TARGET CORPORATION, AMAZON.COM, INC., OFFICE DEPOT, INC., COSTCO WHOLESALE CORPORATION, AND HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.

300258471.4

By _s/_ Gregory Sitrick
Gregory P. Sitrick
  <gregory.sitrick@quarles.com>
Wendy K. Akbar
  <wendy.akbar@quarles.com>

Two North Central Avenue
Phoenix, Arizona, 85004-2391
QUARLES & BRADY LLP


*Attorneys for Defendant*
CABELA'S, INC.

By: Callie A. Bjurstrom
     Callie A. Bjurstrom (Bar No. 137816)
     cbjurstrom@luce.com
LUCE FORWARD HAMILTON & SCRIPPS LLP
600 West Broadway, Ste. 2600
San Diego, CA  92101
Tel:   (619) 699-2586
Fax:   (619) 645-5323

*Of Counsel*

     Anthony A. Tomaselli
     aat@quarles.com
     Kristin Graham Noel
     kgn@quarles.com
     Martha Jahn Snyder (*pro hac vice pending*)
     martha.snyder@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Ste. 900
Madison, WI  53703
Tel:   (608) 251-5000
Fax:   (608) 251-9166


*Attorneys for Defendant*
NATIONAL BUSINESS FURNITURE, LLC



By _s/_ David Bryant

COX SMITH MATTHEWS INCORPORATED
David Bryant
California Bar No. 74067
dbryant@coxsmith.com
1201 Elm Street, Suite 3300
Dallas, Texas  75270
Telephone: (214) 698-7801
Facsimile: (214) 698-7899

*Attorneys for Defendant*
SHOPKO STORES OPERATING CO., LLC

300258471.4

## SIGNATURE ATTESTATION

Pursuant to General Order No. 45(X)(B), I hereby certify that concurrence in the filing of this document has been obtained from each of the other signatories shown above.


_____/s/ Robert D. Becker_____

300258471.4

## [PROPOSED] CASE MANAGEMENT ORDER

The **JOINT CASE MANAGEMENT STATEMENT** above is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.


Dated: _____          _____
                                        CLAUDIA WILKEN
                                        United States District Judge

300258471.4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 24, 2011, all counsel of record who are deemed to have consented to electronic service are being served, via the Court's CM/ECF system pursuant to Civil L.R. 5-4 and General Order 45, with a copy of the foregoing Joint Case Management Statement and Proposed Order.

By: _/s/ Faye M. Stephenson_____
Faye M. Stephenson

300258471.4