UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| CABELA'S, INC., | No. C 11-01398 CW (LB) |
| Plaintiff, | |
| v. | **ORDER RE DISCOVERY LETTER RE LOCATION OF CABELA'S, INC. DEPOSITIONS** |
| KELORA SYSTEMS, LLC, | |
| Defendant. | [ECF No. 44] |

The district court has referred all discovery matters in the above-captioned patent case and the related cases to the undersigned. Referral Order, ECF No. 34 at 2.[1] On August 26, 2011, Kelora Systems, LLC and Cabela's, Inc. submitted a joint discovery letter that detailed their dispute over where the depositions of Cabela's Inc.'s Rule 30(b)(6) deposition witnesses should take place. Joint Letter, ECF No. 44 at 1. Kelora seeks an order compelling Cabela's to produce its Rule 30(b) deposition witness or witnesses in the Northern District of California. *Id.* Cabela's requests that the court order Kelora to conduct any depositions of Cabela's in Sidney, Nebraska, but had no objection if Kelora takes the deposition by video conference. *Id.* at 5.

The letter presents virtually the same arguments as were raised in the related case *Kelora Systems LLC v. Target Corp., et al.*, 11-01548 CW. *See* Docket C 11-01548 CW, ECF No. 330. The one difference is that Cabela's is technically the plaintiff in this case, and the ordinary rule is that a plaintiff is required to make herself available for a deposition in the district in which the suit

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

ORDER RE LOCATION OF CABELA'S DEPOSITIONS
C 11-01398 CW (LB)

1 was filed. *See United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999); *Barili
2 v. Bianchi*, 6 F.R.D. 350, 352 (N.D. Cal. 1946). But "[t]his principle loses some weight when
3 plaintiff has no choice of forum." *Ellis Air Lines v. Bellanca Aircraft Corp*, 17 F.R.D. 395, 396 (D.
4 Del. 1955).

5 Here, the case was filed by Cabela's only after Kelora threatened Cabela's with a lawsuit. Thus,
6 the court rejects Kelora's argument that Cabela's did not have to file a suit seeking declaratory
7 judgment because there was no certainty that Kelora would file a separate patent infringement
8 lawsuit against Cabela's. *See* ECF No. 44 at 2. Additionally, multiple cases involving the same
9 patents already were pending in this district. Thus, in the interests of judicial economy and fairness,
10 the court finds that Cabela's is similarly situated to Dell for the purpose of determining the
11 deposition location of its Rule 30(b) witnesses.

12 Given this conclusion, and the reasons discussed in the court's August 29, 2011 order disposing
13 of the issue in the related case (Docket C 11-01548 CW, ECF No. 338), the court denies Kelora's
14 request. Additionally, in weighing the benefits and burdens of the proposals, the court finds that
15 conducting the deposition via video conference best comports with the Federal Rules of Civil
16 Procedure's proportionality requirement. *See* Fed. R. Civ. P. 26(c)(2); Fed. R. Civ. P. 30(b)(4).
17 Accordingly, the court **ORDERS** that the depositions of Cabela's, Inc.'s Rule 30(b)(6) deposition
18 witnesses take place via video conference, at its corporate headquarters, or at another location
19 mutually determined by the parties. If the parties opt to conduct the depositions via video
20 conference, Kelora may suspend the deposition at any time, if it finds that conducting the deposition
21 by video conference is ineffective, and resume the deposition in person in Sidney, Nebraska.

22 This disposes of ECF No. 44.

23 **IT IS SO ORDERED.**

24 Dated: September 1, 2011

LAUREL BEELER
25 United States Magistrate Judge

ORDER RE LOCATION OF CABELA'S DEPOSITIONS
C 11-01398 CW (LB)  2