1    [JOINT FILING — SEE SIGNATURE PAGE FOR LIST OF COUNSEL]

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                               OAKLAND DIVISION

11                                                  )  No. 4:10-cv-4947-CW-LB (filed Nov. 2,
                                                    )  2010)
     eBay Inc. and Microsoft Corporation,           )
12                                                  )
             *Plaintiffs and Counterclaim-Defendants*,  )  **STIPULATION AND JOINT MOTION**
13                                                  )  **FOR ENTRY OF PROTECTIVE ORDER**
             vs.                                    )
14                                                  )
     Kelora Systems, LLC,                           )
15                                                  )
             *Defendant and Counterclaim-Plaintiff.*   )
16                                                  )
                                                    )  No. 4:11-cv-1398-CW-LB (filed Mar. 23,
17   Cabela's Inc.,                                 )  2011)
                                                    )  (related case)
18           *Plaintiff and Counterclaim-Defendant*,   )
                                                    )
19           vs.                                    )
                                                    )
20   Kelora Systems, LLC,                           )
                                                    )
21           *Defendant and Counterclaim-Plaintiff.*   )
                                                    )
22

23

24

25

26

27

28

|  |  |
|---|---|
| Kelora Systems, LLC,<br><br>　　　*Plaintiff and Counterclaim-Defendant*,<br><br>　　vs.<br><br>Target Corporation; OfficeMax Incorporated; Rockler Companies, Inc.; 1-800-Flowers.com, Inc.; Amazon.com, Inc.; Dell, Inc.; Office Depot, Inc.; Newegg Inc.; Costco Wholesale Corporation; Hewlett-Packard Company; CircuitCity.com Inc.; Audible, Inc.; and Zappos.com, Inc.,<br><br>　　　*Defendants and Counterclaim-Plaintiffs*.<br><br>OfficeMax Incorporated,<br><br>　　　*Third-Party Plaintiff*,<br><br>　　vs.<br><br>Adobe Systems Incorporated,<br><br>　　　*Third-Party Defendant*. | No. 4:11-cv-1548-CW-LB (filed Nov. 8, 2010)<br>(related case) |
| Nebraska Furniture Mart, Inc.,<br><br>　　　*Plaintiff and Counterclaim-Defendant*,<br><br>　　vs.<br><br>Kelora Systems, LLC,<br><br>　　　*Defendant and Counterclaim-Plaintiff*. | No. 4:11-cv-2284-CW-LB (filed Feb. 3, 2011)<br>(related case) |

Pursuant to Magistrate Judge Beeler's order (ECF 348) resolving the parties' disputes related to the protective order (ECF 330) Plaintiff Kelora Systems LLC ("Kelora") and Defendants[1], eBay Inc.; Microsoft Corporation; Cabela's Inc.; Target Corporation; OfficeMax Incorporated; Rockler Companies, Inc.; 1-800-Flowers.com, Inc.; Amazon.com, Inc.; Dell, Inc.; Office Depot, Inc.; Newegg Inc.; Costco Wholesale Corporation; Hewlett-Packard Company; CircuitCity.com Inc.; Audible, Inc.; Zappos.com, Inc.; and Nebraska Furniture Mart, Inc. hereby

---

[1] "Defendants" includes declaratory judgment plaintiffs accused of infringement.

1  submit a stipulated protective order.  Kelora will seek relief from Magistrate Judge Beeler's

2  rulings regarding patent prosecution bar provisions in the Order Re Discovery Letter Re

3  Protective Order, ECF No. 348, by a motion to be filed on the date hereof.  Defendants and,

4  subject to Judge Wilken's ruling on that motion by Kelora, Kelora move the court to enter the

5  attached protective order.

6

7  Dated:  September 12, 2011                    By:  /s/ Richard A. Cederoth

8  By:  /s/ Robert D. Becker                          David T. Pritikin (*pro hac vice*)
9       Robert D. Becker (Bar No. 160648)              <dpritikin@sidley.com>
        <rbecker@manatt.com>                       Richard A. Cederoth (*pro hac vice*)
10      Ronald S. Katz (Bar No. 85713)                 <rcederoth@sidley.com>
        <rkatz@manatt.com>                         SIDLEY AUSTIN LLP
11      Shawn G. Hansen (Bar No. 197033)           One S. Dearborn Street
        <shansen@manatt.com>                       Chicago, Illinois  60603
12      MANATT, PHELPS & PHILLIPS, LLP             Telephone:   (312) 853-7000
        1001 Page Mill Road, Building 2            Facsimile:   (312) 853-7036
13      Palo Alto, CA  94304-1006
        Telephone:   (650) 812-1300                Theodore W. Chandler (Bar No. 219456)
14      Facsimile:   (650) 213-0260                    <tchandler@sidley.com>
                                                   Aaron M. Farber (Bar No. 270851)
15  *Counsel for Plaintiff and Counterclaim-*          <afarber@sidley.com>
    *Defendant*                                    SIDLEY AUSTIN LLP
16  KELORA SYSTEMS, LLC                            555 West Fifth Street, Suite 4000
                                                   Los Angeles, California  90013
17                                                 Telephone:   (213) 896-6000
                                                   Facsimile:   (213) 896-6600
18
                                                   <Kelora-Microsoft-eBay@sidley.com>
19
                                                   *Counsel for Plaintiff and Counterclaim-*
20                                                 *Defendant eBay Inc.*

21

22

23

24

25

26

27

28

STIPULATION AND JOINT MOTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  /s/ Richard A. Cederoth

David T. Pritikin (*pro hac vice*)
    <dpritikin@sidley.com>
Richard A. Cederoth (*pro hac vice*)
    <rcederoth@sidley.com>
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, Illinois  60603
Telephone:    (312) 853-7000
Facsimile:    (312) 853-7036

Theodore W. Chandler (Bar No. 219456)
    <tchandler@sidley.com>
Aaron M. Farber (Bar No. 270851)
    <afarber@sidley.com>
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:    (213) 896-6000
Facsimile:    (213) 896-6600

<Kelora-Microsoft-eBay@sidley.com>

David E. Killough (Bar No. 110719)
    <davkill@microsoft.com>
MICROSOFT CORPORATION
One Microsoft Way, 8/2076
Redmond, Washington  98052
Telephone:    (425) 703-8865
Facsimile:    (425) 869-1327

*Counsel for Plaintiff and Counterclaim-
Defendant Microsoft Corporation*

4                    STIPULATION AND JOINT MOTION

1

By:  /s/ Wendy K. Akbar

2

Gregory P. Sitrick (*pro hac vice*)

3

<gregory.sitrick@quarles.com>
Wendy K. Akbar (*pro hac vice*)

4

<wendy.akbar@quarles.com>
QUARLES & BRADY LLP

5

One Renaissance Square

6

Two North Central Avenue
Phoenix, Arizona  85004

7

Telephone:    (602) 229-5200
Facsimile:    (602) 420-5198

8

Jeffrey L. Fillerup (Bar No. 120543)

9

<jfillerup@luce.com>
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

10

Rincon Center II

11

121 Spear Street, Suite 200
San Francisco, California  94105

12

Telephone:    (415) 356-4600
Facsimile:    (415) 356-3881

13

Callie A. Bjurstrom (Bar No. 137816)

14

<cbjurstrom@luce.com>
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

15

600 West Broadway, Suite 2600
San Diego, California  92101

16

Telephone:    (619) 699-2586
Facsimile:    (619) 645-5323

17

*Attorneys for Plaintiff and Counterclaim-
Defendant Cabela's Inc.*

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND JOINT MOTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  /s/ Richard S. Zembek

Dan D. Davison (*pro hac vice*)
    <ddavison@fulbright.com>
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201
Telephone:    (214) 855-8000
Facsimile:    (214) 855-8200

Richard S. Zembek (*pro hac vice*)
    <rzembek@fulbright.com>
Daniel S. Leventhal (*pro hac vice*)
    <dleventhal@fulbright.com>
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010
Telephone:    (713) 651-5151
Facsimile:    (713) 651-5246

Gilbert A. Greene (*pro hac vice*)
    <ggreene@fulbright.com>
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas  78701
Telephone:    (512) 474-5201
Facsimile:    (512) 536-4598

John A. O'Malley (Bar No. 101181)
    <jomalley@fulbright.com>
Aaron D. Gopen (Bar No. 268451)
    <agopen@fulbright.com>
FULBRIGHT & JAWORSKI L.L.P.
555 South Flower Street, 41st Floor
Los Angeles, California  90071
Telephone:    (213) 892-9200
Facsimile:    (213) 892-9494

*Attorneys for Defendants and
Counterclaim-Plaintiffs Target
Corporation; Amazon.com, Inc.; Office
Depot, Inc.; Costco Wholesale
Corporation; Hewlett-Packard Company;
Audible, Inc.; and Zappos.com, Inc.*

STIPULATION AND JOINT MOTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  /s/ John S. Letchinger

John S. Letchinger (*pro hac vice*)
  <letchinger@wildman.com>
Douglas S. Rupert (*pro hac vice*)
  <rupert@wildman.com>
E. Tim Walker (*pro hac vice*)
  <walker@wildman.com>
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois  60606
Telephone:    (312) 201-2000
Facsimile:    (312) 201-2555

Clinton J. McCord (Bar No. 204749)
  <mccord@wildman.com>
WILDMAN, HARROLD, ALLEN & DIXON LLP
9665 Wilshire Boulevard, Suite 200
Beverly Hills, California  90212
Telephone:    (310) 860-8700
Facsimile:    (310) 860-3800

*Attorneys for Defendant and Counterclaim-
Plaintiff OfficeMax Incorporated*

By:  /s/ Niall A. MacLeod

Niall A. MacLeod (*pro hac vice*)
  <niall.macleod@btlaw.com>
Aaron A. Myers (*pro hac vice*)
  <aaron.myers@btlaw.com>
BARNES & THORNBURG LLP
225 South Sixth Street, Suite 2800
Minneapolis, Minnesota 55402
Telephone:    (612) 333-2111
Facsimile:    (612) 333-6798

Stephen R. Mick (Bar No. 131569)
  <smick@btlaw.com>
BARNES & THORNBURG LLP
2049 Century Park East
Los Angeles, California  90067
Telephone:    (310) 284-3880
Facsimile:    (310) 284-3894

*Attorneys for Defendant and Counterclaim-
Plaintiff Rockler Companies, Inc.*

STIPULATION AND JOINT MOTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  /s/ Catherine E. Hart

Vaibhav P. Kadaba (*pro hac vice*)
    <wkadaba@kilpatricktownsend.com>
Catherine E. Hart (*pro hac vice*)
    <chart@kilpatricktownsend.com>
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
Telephone:    (404) 815-6500
Facsimile:    (404) 815-6555

David B. Perry (State Bar No. 255925)
    <dperry@kilpatricktownsend.com>
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone:    (415) 576-0200
Facsimile:    (415) 576-0300

*Attorneys for Defendant and Counterclaim-Plaintiff 1-800-Flowers.com, Inc.*

STIPULATION AND JOINT MOTION

1

By:  /s/ David S. Bloch

2

Kimball R. Anderson (*pro hac vice*)
<kanderson@winston.com>

3

Marlon E. Lutfiyya (*pro hac vice*)
<mlutfiyya@winston.com>

4

WINSTON & STRAWN LLP

5

35 West Wacker Drive

Chicago, Illinois  60601

6

Telephone:    (312) 558-5600
Facsimile:    (312) 558-5700

7

8

Howard I. Shin (*pro hac vice*)
<hshin@winston.com>

9

WINSTON & STRAWN LLP

200 Park Avenue

10

New York, New York  10166

Telephone:    (212) 294-6700
Facsimile:    (212) 294-4700

11

12

David S. Bloch (State Bar No. 184530)
<dbloch@winston.com>

13

WINSTON & STRAWN LLP

101 California Street

14

San Francisco, California  94111

Telephone:    (415) 591-1000

15

Facsimile:    (415) 591-1400

16

*Attorneys for Defendant and Counterclaim-
Plaintiff Dell, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  /s/ Kent E. Baldauf, Jr.

Kent E. Baldauf, Jr. (*pro hac vice*)
    <kbaldaufjr@webblaw.com>
Bryan P. Clark (*pro hac vice*)
    <bclark@webblaw.com>
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, Pennsylvania 15222
Telephone:    (412) 471-8815
Facsimile:    (412) 471-4094

Phillip F. Shinn (State Bar No. 112051)
    <pshinn@foxrothschild.com>
FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, California  94104
Telephone:    (415) 364-5558
Facsimile:    (415) 391-4436

*Attorneys for Defendant and Counterclaim-
Plaintiff Newegg Inc.*

STIPULATION AND JOINT MOTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  /s/ Sarah E. Barrows

Sarah E. Barrows (Bar No. 253278)
    <barrowss@gtlaw.com>
GREENBERG TRAURIG, LLP
153 Townsend Street, 8th Floor
San Francisco, California  94107
Telephone:    (415) 655-1300
Facsimile:     (415) 707-2010

Michael A. Nicodema (*pro hac vice*)
    <nicodemam@gtlaw.com>
David M. Joyal (*pro hac vice*)
    <joyald@gtlaw.com>
Barry J. Schindler (*pro hac vice*)
    <schindlerb@gtlaw.com>
Douglas R. Weider (*pro hac vice*)
    <weider@gtlaw>
GREENBERG TRAURIG, LLP
200 Park Avenue, P.O. Box 677
Florham Park, New Jersey  07932
Telephone:    (973) 360-7900
Facsimile:     (973) 301-8410

Mary-Olga Lovett (*pro hac vice*)
    <lovettm@gtlaw.com>
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone:    (713) 374-3500
Facsimile:     (713) 374-3505

*Attorneys for Defendant and Counterclaim-
Plaintiff CircuitCity.com Inc.*

By:  /s/ Ted G. Dane

Ted G. Dane (Bar No. 143195)
    <Ted.Dane@mto.com>
Andrew W. Song (Bar No. 236588)
    <Andrew.Song@mto.com>
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071
Telephone:    (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Plaintiff and Counterclaim-
Defendant Nebraska Furniture Mart, Inc.*

11                     STIPULATION AND JOINT MOTION

1

2                                    **SIGNATURE ATTESTATION**

3          Pursuant to General Order No. 45(X)(B), I hereby certify that concurrence in the filing of

4     this document has been obtained from each of the other signatories shown above.

5                                         /s/ Robert D. Becker

6

7                                    **CERTIFICATE OF SERVICE**

8
          The undersigned hereby certifies that on September 12, 2011, all counsel of record who
9
     are deemed to have consented to electronic service are being served, via the Court's CM/ECF
10
     system pursuant to Civil L.R. 5-4 and General Order 45, with a copy of the foregoing
11
     STIPULATION AND JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER.
12

13                                        /s/ Robert D. Becker

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **EXHIBITS**

2

Ex. 1:      Stipulated Protective Order

3

4      300711911.1

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND JOINT MOTION

1

2

3

4

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT**

**OAKLAND DIVISION**

| | |
|---|---|
| 5 Kelora Systems, LLC, | No. 4:11-cv-01548-CW (filed Nov. 8, 2010) |
| 6 *Plaintiff,* | No. 4:11-cv-01398-CW (filed Mar. 23, 2011) |
| vs. | No. 4:11-cv-02284-CW (filed Feb. 3, 2011) |
| 7 | No. 4:10-cv-04947-CW (filed Nov. 2, 2010) |
| Target Corp., et al., | **STIPULATION AND PROTECTIVE** |
| 8 *Defendants.* | **ORDER REGARDING THE DISCLOSURE** |
| 9 | **AND USE OF CONFIDENTIAL** |
| 10 | **DISCOVERY MATERIALS** |

11    Cabela's, Inc.,

12             Plaintiff,

13    vs.

14    Kelora Systems, LLC,

15             Defendant.

16

17    Nebraska Furniture Mart, Inc.,

18             Plaintiff,

19    vs.

20    Kelora Systems, LLC,

21             Defendant.

22

23    eBay, Inc. and Microsoft Corporation,

24             Plaintiffs,

25    vs.

26    Kelora Systems, LLC,

27             Defendant.

28

1       The parties herein Kelora Systems, LLC ("Kelora") and eBay, Inc., Microsoft

2    Corporation, Nebraska Furniture Mart, Inc., Cabela's Inc., Target Corporation, OfficeMax

3    Incorporated, Rockler Companies, Inc., 1-800-Flowers.com, Inc., Amazon.com, Inc., Dell, Inc.,

4    Office Depot, Inc., Newegg Inc., Costco Wholesale Corporation, Hewlett-Packard Company,

5    CircuitCity.com Inc., Audible, Inc., and Zappos.com, Inc. (collectively, "Alleged Infringers")

6    have stipulated that certain information subject to discovery in this action may be claimed to be or

7    contain a trade secret or other confidential research, development, commercial, financial, or

8    strategic information.  Unable to reach agreement on all protective provisions, the parties filed a

9    letter brief to the Court on August 11, 2011.  ECF No. 330.  In response, the Court issued its

10    Order Re Discovery Letter Re Protective Order, ECF No. 348, on August 29, 2011.  Kelora will

11    seek relief from Magistrate Judge Beeler's rulings regarding patent prosecution bar provisions in

12    the Order Re Discovery Letter Re Protective Order, ECF No. 348, by a motion to be filed on the

13    date hereof.  Subject to Judge Wilken's ruling on that motion by Kelora, in the interest of

14    permitting discovery to proceed without delay, the parties stipulate to provide access to and to

15    accept such information subject to the protective provisions hereinafter set forth.  In view of these

16    stipulations, the Court finds that good cause exists for issuance of a protective order.  Therefore,

17    pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and consistent with the Court's

18    Order Re Discovery Letter Re Protective Order, ECF No. 348, the Court hereby enters the

19    following Protective Order.

20       IT IS HEREBY ORDERED:

21       1.   **Scope**.  This Protective Order shall apply to all information, documents, testimony,

22    and/or things subject to discovery in this action ("Discovery Material") which contains

23    proprietary, confidential, and/or commercially sensitive information and/or trade secrets, as well

24    as pleadings, written discovery requests and responses, testimony and other information,

25    documents, and/or things containing, reporting, or reflecting such information.  As used herein,

26    "Producing Party" shall refer to any party, including the parties to this action and non-parties,

27    who discloses, makes available for inspection, and/or produces any Discovery Material in this

28    action. "Receiving Party" shall refer to the party to this action who receives Discovery Material

from a Producing Party. "Protected Material" means any Discovery Material that is designated as provided for in this Protective Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in Court or in other settings that might reveal such information.

2. **Designation**. Any Producing Party may designate Discovery Material as set forth herein as (a) CONFIDENTIAL subject to this Protective Order if it contains trade secret or other confidential research, development, or commercial information within the scope of Rule 26(c)(1)(g); (b) CONFIDENTIAL-ATTORNEYS' EYES ONLY subject to this Protective Order if it contains particularly sensitive confidential information as defined below in Paragraph 5; and/or (c) RESTRICTED CONFIDENTIAL-SOURCE CODE if it contains confidential, proprietary and/or trade secret source code or technical design documentation.

3. **Limits On Use Of Discovery Material**. In the absence of written permission from the Producing Party, Discovery Material designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED CONFIDENTIAL-SOURCE CODE:

a) Shall be protected from disclosure as specified herein, unless the Producing Party consents to disclosure in writing, or unless a party obtains an Order of the Court declaring that all or certain Portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation; and

b) Shall be used only for purposes of this litigation for the preparation, trial, and appeal of this lawsuit; settlement discussions and negotiations pertaining to this lawsuit; any form of alternative dispute resolution of this lawsuit; or for any of the previous purposes for any lawsuit ordered by a court to be related to this lawsuit; and for no other purpose or publication whatsoever, whether directly or indirectly.

4. **Manner Of Designation**. The Producing Party may designate documents or other tangible Discovery Materials by placing the following legend or similar legend on the document or thing: "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL-SOURCE CODE."

a)      Written Discovery Information may be designated by placing the following legend on every page of the written material subject to protection prior to production: "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY,"  and/or "RESTRICTED CONFIDENTIAL-SOURCE CODE."

b)      In the event that original documents are produced for inspection, no marking need be made by the Producing Party in advance of the inspection.  For the purposes of the inspection, all documents so produced shall be considered as marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY,"  and/or "RESTRICTED CONFIDENTIAL-SOURCE CODE" as appropriate, on the copies of such documents at the time the copies are produced to the Receiving Party.

c)      Parties or testifying persons may designate depositions and other testimony as CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED CONFIDENTIAL-SOURCE CODE by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony.  All information disclosed during a deposition shall be deemed CONFIDENTIAL-ATTORNEYS' EYES ONLY until the time within which it may be designated as CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED CONFIDENTIAL-SOURCE CODE has passed.  The witness, counsel for the witness, and counsel for any party shall have the right to exclude from oral depositions, other than the deponent and counsel for the deponent, any person who is not authorized by this Stipulation and Protective Order to receive documents or information designated as CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED CONFIDENTIAL-SOURCE CODE.  Such right of exclusion is applicable during periods of examination or testimony directed to CONFIDENTIAL,

1    CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED

2    CONFIDENTIAL-SOURCE CODE information.

3        5.    **Persons Who May Access Designated Discovery Material.**

4            a)    Co-Defendant Information.  Notwithstanding the provisions of this

5    paragraph, absent the express written consent of the Producing Party, no representative or

6    employee (including in house counsel and paralegals) of an Alleged Infringer shall have

7    access to the CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or

8    RESTRICTED CONFIDENTIAL-SOURCE CODE Discovery Material of any other

9    Alleged Infringer.

10           b)    Confidential Discovery Material.  The parties agree that any Discovery

11   Material that contains trade secret or other confidential research, development, or

12   commercial information within the scope of Rule 26(c)(1)(g) may qualify for the

13   CONFIDENTIAL designation.  Subject to the provisions set forth in Paragraph 18,

14   Discovery Material designated as CONFIDENTIAL may be disclosed only to:

15               i)    Two (2) representatives of the Receiving Party;

16               ii)    The outside attorneys working on this action on behalf of any party

17       and paralegals of such outside attorneys and any copy or other clerical litigation

18       support services personnel employed by such outside attorneys.  As used herein,

19       "outside attorneys" shall mean attorneys for the respective firms who have

20       appearances entered in this case;

21               iii)    Two (2) in-house counsel of each Receiving Party who are

22       responsible for this action and two paralegals of such Receiving Party;

23               iv)    Any person or entity that is not a party to this action and who is not

24       employed by a party who is expressly retained by any outside attorney described in

25       Paragraph 5(b)(ii) to assist in preparation of this action for trial as a consultant or

26       testifying expert, with disclosure only to the extent necessary to perform such

27       work; provided, however, that such person has signed the undertaking annexed

28       hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and

1    provided that no unresolved objections to such disclosure exist after proper notice

2    has been given to all parties as set forth in Paragraph 6, below;

3              v)        Court reporters, stenographers and videographers retained to record

4    testimony taken in this action;

5              vi)       The Court, its technical advisor (if one is appointed), jury, and court

6    personnel;

7              vii)      Copy, electronic discovery, graphics, translation, design, clerical

8    litigation support, and/or trial consulting services including mock jurors, retained

9    by a Party;

10             viii)     Any other person with the prior written consent of the Producing

11   Party.

12        c)        Confidential-Attorneys Eyes Only Discovery Material.  The parties agree

13   that at least Discovery Material in one or more of the following categories may qualify for

14   the CONFIDENTIAL - ATTORNEYS' EYES ONLY designation: (i) non-public

15   technical information, including schematic diagrams, manufacturing and engineering

16   drawings, engineering notebooks, internal technical communications, specifications,

17   research notes and materials, technical reference materials, and other non-public technical

18   descriptions and/or depictions of the relevant technology; (ii) non-public damages-related

19   information (e.g., the number of products sold, total dollar volume of sales products); (iii)

20   non-public financial information; (iv) customer lists; (v) business and/or marketing plans

21   or analyses; and (vi) price lists and/or pricing information.  Subject to the provisions set

22   forth in Paragraph 18, Discovery Material designated as CONFIDENTIAL -

23   ATTORNEYS EYES' ONLY may be disclosed only to:

24             i)        The outside attorneys working on this action on behalf of any party

25        and paralegals of such outside attorneys and any copy or other clerical litigation

26        support services personnel employed by any of such outside attorneys.  As used

27        herein, "outside attorneys" shall mean attorneys for the respective firms who have

28        appearances entered in this case;

1           ii)      Two (2) in-house counsel of each Receiving Party who are

2       responsible for this action and two (2) paralegals of such Receiving Party;

3           iii)     Any person or entity that is not a party to this action and that is not

4       employed by a party who is expressly retained by any outside attorney described in

5       Paragraph 5(c)(i) to assist in preparation of this action for trial as a consultant or

6       testifying expert, with disclosure only to the extent necessary to perform such

7       work; provided, however, that such person has signed the undertaking annexed

8       hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and

9       provided that no unresolved objections to such disclosure exist after proper notice

10      has been given to all parties as set forth in Paragraph 5(b), below;

11          iv)     Court reporters, stenographers, and videographers retained to record

12      testimony taken in this action;

13          v)      The Court, its technical advisor (if one is appointed), jury, and court

14      personnel;

15          vi)     Copy, graphics, translation, design, clerical litigation support,

16      and/or trial consulting services (excluding mock jurors) retained by a Party;

17          vii)    Any other person with the prior written consent of the Producing

18      Party.

19      d)     Information Designated RESTRICTED CONFIDENTIAL-SOURCE

20  CODE.  Native source code shall be produced in native format as it is organized and kept

21  in the ordinary course of business. All source code produced shall be deemed

22  "RESTRICTED CONFIDENTIAL-SOURCE CODE."  Documents or other things that

23  are designated as confidential and contain a party's source code may be designated

24  "RESTRICTED CONFIDENTIAL-SOURCE CODE" and treated as such if they

25  comprise or include confidential, proprietary and/or trade secret source code.

26          i)      Any source code that is produced shall be made available for

27      inspection in electronic format at the Producing Party's option at (a) the San

28      Francisco or Palo Alto, California offices of Manatt, Phelps & Phillips, (b) the

California offices of its outside counsel of record in this action, or (c) another location mutually agreed upon by the Parties.

ii)     The Receiving Party shall provide ten (10) days notice prior to commencing an inspection.  The Receiving Party shall restrict its inspection requests to the business hours of the secure office.

iii)     Subject to the other provisions of this Protective Order, the Receiving Party may bring with it to the secure offices a cell phone and laptop computer.

iv)     Source code will be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a private room at the secure office on a secured computer, without Internet access or network access to other computers ("Source Code Computer"), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection.  The Producing Party shall be obligated to install such tools or programs necessary to review and search the code produced on the platform produced.  The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy substantial portions of the source code into the notes.  For purposes of this provision, fifteen or more lines of code is "substantial."  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

v)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically in the first instance.  Upon reasonable request, the Producing Party

STIPULATION AND PROTECTIVE ORDER

1  shall produce to the Receiving Party printed copies of requested files contained on

2  the Producing Party's Source Code Computer under the following terms and

3  conditions:

4         a.     A request for printed copies of files shall include, on a file-

5  by-file basis, the complete file path associated with each file.  If additional

6  information is required to uniquely identify the requested files, then the

7  request shall include, on a file-by-file basis, such additional information.

8         b.     A party may request multiple versions or revisions of the

9  same file, but the requesting party must specify the exact dates or the exact

10  numbers for each version or versions sought.  The Producing Party and the

11  Receiving Party shall cooperate in identifying the precise files which are

12  sought.

13         c.     Any printed copy of a Source Code file shall be marked and

14  designated as "RESTRICTED CONFIDENTIAL-SOURCE CODE," must

15  be maintained in the private inspection rooms identified in Paragraph

16  5(d)(v), and shall be disclosed and disseminated only to the individuals

17  identified in Paragraph 5(c).  The Producing Party shall clearly identify the

18  file path of the underlying file as well as an additional information required

19  to uniquely identify the underlying file on any printed copy of a Source

20  Code file.

21         d.     The Producing Party shall have three (3) business days in

22  which to object in writing as to the extent or relevance of the requested

23  printout(s).  If no such objection is made, the Producing Party shall

24  produce a copy of the printout(s) to the Reviewing Party pursuant to the

25  terms of Paragraph 5(c).  If objection is made, the parties shall meet and

26  confer within three (3) business days in a good faith attempt to resolve the

27  objection.  If the objection is not resolved, the Producing Party shall have

28  five (5) business days after the expiration of the meet and confer period

(i.e., eight (8) business days from the date of the request) in which to file a motion for relief from production of the printout(s) that are the subject of the objection.  The printout(s) shall be retained by the Producing Party, and not produced, pending the Court's resolution of the motion.

vi)     A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.  The Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room.  The Producing Party may also visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

vii)    Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

viii)   The Receiving Party shall maintain and store any paper copies of the source code at the offices of its outside counsel or experts, in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

ix)     The Receiving Party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

1    x) To the extent portions of source code are quoted in a Source Code

2 Document, either (1) the entire document will be stamped and treated as

3 RESTRICTED CONFIDENTIAL-SOURCE CODE or (2) those pages containing

4 quoted source code will be separately bound, and stamped and treated as

5 RESTRICTED CONFIDENTIAL-SOURCE CODE.

6    xi) The Receiving Party's outside counsel of record may make no more

7 than five (5) additional paper copies of any portions of the printed source code, not

8 including copies attached to court filings.  All paper copies shall be securely

9 destroyed if they are no longer in use (*e.g.,* unmarked and/or spare copies at the

10 conclusion of a deposition).  Copies of source code that are marked as deposition

11 exhibits shall not be provided to the Court Reporter or attached to deposition

12 transcripts; rather, the deposition record will identify the exhibit by its production

13 numbers.

14    xii) Except as provided in this Protective Order, the Receiving Party

15 may not create electronic images, or any other images, of the source code from the

16 paper copy for use on a computer (*e.g.*, may not scan the source code to a PDF, or

17 photograph the code).  The Receiving Party may create an electronic copy or

18 image of selected portions of the source code only when reasonably necessary to

19 accomplish any filing with the Court or to serve any pleadings or other papers on

20 any other party; or to prepare other necessary case materials such as testifying

21 expert reports, consulting expert written analyses, and related drafts and

22 correspondences.  Images or copies of source code shall not be included in

23 correspondence between the parties (references to production numbers and source

24 code page and line numbers shall be used instead) and shall be omitted from

25 pleadings and other papers except to the extent permitted herein.  To the extent any

26 electronic images of any portion of source code are permitted under this Protective

27 Order, such electronic images must be encrypted using commercially reasonable

28 encryption software including password protection; pleadings, briefs, and other

1    work product containing excerpts of source code need not be encrypted.  The

2    communication and/or disclosure of electronic files containing any portion of

3    source code shall at all times be limited to individuals who are authorized to see

4    source code under the provisions of this Protective Order.  All electronic copies

5    must be labeled "RESTRICTED CONFIDENTIAL-SOURCE CODE."

6            xiii)    The Receiving Party shall maintain a log of any individual who has

7    inspected any portion of the source code in electronic or paper form.  The log shall

8    include the dates and times of any access, all printed or electronic copies of the

9    source code that are delivered by the Receiving Party to any qualified person and

10   the names of the recipients of copies and locations where the copies are stored.

11   The log shall be provided by the Receiving Party to the Producing Party upon

12   request.

13           xiv)    Only United States citizens or permanent residents falling within

14   the following categories shall have access to "RESTRICTED CONFIDENTIAL-

15   SOURCE CODE" materials, absent the express written consent of the Producing

16   Party or further court order:

17                   a.       Outside litigation counsel of record as of the date of this

18                   Protective Order, including any attorneys, paralegals, technology

19                   specialists and clerical employees of their respective law firms.  The parties

20                   reserve the right to object to additional counsel that appear on behalf of a

21                   party.  To the extent that a party raises an objection to an additional

22                   counsel, such counsel may be prohibited from accessing RESTRICTED

23                   CONFIDENTIAL-SOURCE CODE documents for a period no longer than

24                   five (5) business days and the parties agree to negotiate his or her access to

25                   "RESTRICTED CONFIDENTIAL-SOURCE CODE" materials in good

26                   faith.  If the objecting party files a motion for protective order, after a good

27                   faith meet and confer, the ban on the access to RESTRICTED

28                   CONFIDENTIAL-SOURCE CODE documents shall extend until the

1     motion is decided.  The motion shall be briefed on an expedited basis

2     where responsive briefs are due five (5) business days after the moving

3     brief is filed.

4           b.     Up to three (3) outside experts or consultants per party, pre-

5     approved in accordance with Paragraph 5(c), and specifically identified as

6     eligible to access Source Code.  The parties agree to negotiate disclosure of

7     "RESTRICTED CONFIDENTIAL-SOURCE CODE" materials to

8     additional outside experts in good faith and upon a showing of good cause;

9           c.     The Court, its technical advisor (if one is appointed), the

10     jury, court personnel, and court reporters or videographers recording

11     testimony or other proceedings in this action;

12           d.     While testifying at deposition or trial in this action only: (i)

13     any current or former officer, director or employee of the Producing Party

14     or original source of the information; (ii) any person designated by the

15     Producing Party to provide testimony pursuant to Rule 30(b)(6) of the

16     Federal Rules of Civil Procedure; and/or (iii) any person who authored,

17     previously received, or was directly involved in creating, modifying, or

18     editing the source code, as evident from its face or reasonably certain in

19     view of other testimony or evidence.  Persons authorized to view Source

20     Code pursuant to this sub-paragraph shall not retain or be given copies of

21     the Source Code except while so testifying.

22     6.     **Provision Of Confidential Discovery Material To Authorized Individuals**.

23  Other than with respect to Authorized Individuals set forth in Paragraph 5(b)(ii), 5(b)(v), 5(b)(vi),

24  5(c)(i), 5(c)(iv), 5(c)(v), 5(d)(xv)(a), and 5(d)(xv)(c), each person given access to

25  CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY,  and/or RESTRICTED

26  CONFIDENTIAL-SOURCE CODE information shall be advised by the appropriate Receiving

27  Party that the information is being disclosed pursuant and subject to this Stipulation and

28  Protective Order.  All persons receiving CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS'

1   EYES ONLY, and/or RESTRICTED CONFIDENTIAL-SOURCE CODE Discovery Material are

2   enjoined from disclosing it to any person, except in conformance with this Protective Order.

3   Counsel for the Receiving Party shall notify the Producing Party within 24 hours of becoming

4   aware of any loss, theft or unauthorized copying and/or disclosure of CONFIDENTIAL,

5   CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED CONFIDENTIAL-

6   SOURCE CODE Discovery Material.  Each individual who receives any CONFIDENTIAL,

7   CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED CONFIDENTIAL-

8   SOURCE CODE Discovery Material hereby agrees to be subject to the jurisdiction of this Court

9   for the purpose of any proceedings relating to the performance under, compliance with, or

10   violation of this Protective Order.

11                  a)      Counsel who makes CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS'

12          EYES ONLY, and/or RESTRICTED CONFIDENTIAL-SOURCE CODE Discovery

13          Material available to persons set forth in Paragraph 5, above, shall be responsible for

14          limiting distribution thereof to those persons authorized under this Protective Order.  All

15          copies of such Discovery Material disclosed shall be subject to the same restrictions

16          imposed herein on original materials.  Any person having access to such Discovery

17          Material pursuant to Paragraph 5, whose participation in this litigation has been

18          terminated or otherwise concluded shall return all such Discovery Material as soon as

19          practicably possible thereafter to the Receiving Party's counsel of record, but in no event

20          longer than thirty (30) days after the termination or conclusion of the participation.

21                  b)      Before counsel for a Receiving Party may disclose any Discovery Material

22          designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or

23          RESTRICTED CONFIDENTIAL-SOURCE CODE to a person described in Paragraph

24          5(b)(iv), 5(c)(iii), and 5(d)(xv)(b), above of this Protective Order:

25                          i)      Counsel shall provide a copy of this Protective Order to such

26                  person, who shall sign the undertaking annexed hereto as Exhibit A; and

27                          ii)     At least seven (7) business days before any such disclosure, counsel

28                  for the Receiving Party shall notify the Producing Party in writing of the intent to

                                    14          STIPULATION AND PROTECTIVE ORDER

1    disclose CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY,

2    and/or RESTRICTED CONFIDENTIAL-SOURCE CODE Discovery Material to

3    such person.  The notice shall include a copy of the undertaking signed by the

4    person and shall identify his or her title, job responsibilities, and affiliation(s) with

5    the Receiving Party.  The notice shall also include a copy of such person's most

6    recent curriculum vitae and an identification of all such person's present and for

7    the previous four years employment and/or consulting relationships related to the

8    field of computer guided searching.

9        c)    If the Producing Party objects to the disclosure of CONFIDENTIAL,

10    CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED

11    CONFIDENTIAL-SOURCE CODE Discovery Material to such person, the Producing

12    Party shall notify counsel for the Receiving Party in writing of the Producing Party's

13    objection(s) to such disclosure prior to the date on which the disclosure is intended to be

14    made.  Should the Receiving Party disagree with the basis for the objection(s), the parties

15    must first attempt to resolve the objection(s) informally.  If the informal efforts do not

16    resolve the dispute within five (5) business days, the objecting Party may file a motion

17    requesting that the objection(s) be sustained.  Pending a ruling by the Court upon any such

18    objection(s), the Discovery Material shall not be disclosed to the person objected to by the

19    Producing Party.  If the objecting party fails to seek a protective order within that time, the

20    objection shall be deemed waived and the Discovery Material may be disclosed.

21    7.    **<u>Use Of Discovery Material In Depositions</u>**.  To the extent that any

22    CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED

23    CONFIDENTIAL-SOURCE CODE Discovery Material is used in the taking of a deposition, all

24    such Discovery Material shall remain subject to the provisions of this Protective Order, along

25    with the transcript pages of the deposition testimony dealing with the such Discovery Material.  If

26    CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED

27    CONFIDENTIAL-SOURCE CODE Discovery Material is used in any deposition, the reporter

28    shall be informed of this Protective Order and shall be required to operate in a manner consistent

with this Protective Order.  In the event the deposition is videotaped, the original and all copies of

the videotape shall be marked by the video technician to indicate that the contents of the

videotape are subject to this Protective Order, substantially as set forth below:

> **This videotape contains confidential testimony subject to Protective Order in this Action and is not to be viewed or the contents thereof to be displayed or revealed except in accord with such Protective Order, by order of the Court, or pursuant to written stipulation of the parties.**

8.     **Protection Of Third Parties**.  A party that seeks Discovery Material from a third

party shall provide a copy of this Protective Order to the third party upon request so that it may

take advantage of the protections afforded by this Protective Order.

9.     **Storage Of Discovery Material**.  The recipients of Discovery Material provided

under this Protective Order and all material that derives therefrom shall maintain such materials

in a safe and secure area, and reasonable precautions shall be taken with respect to the storage,

custody, use and/or dissemination of such materials.  Any material that is derived from Discovery

Material protected hereunder, including copies, reproductions, summaries, or abstracts, shall be

subject to the terms of this Protective Order.

10.     **Filing Discovery Materials With The Court**.  If a document containing

CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED

CONFIDENTIAL-SOURCE CODE information is filed with the Court, it shall be filed under

seal.

11.     **Undertakings**.  Each person or entity set forth in Paragraphs 5(b)(i), 5(b)(iii),

5(b)(iv), 5(b)(vii), 5(b)(viii), 5(c)(ii), 5(c)(iii), 5(c)(vi), 5(c)(vii), and 5(d)(xv)(b) to whom

Protected Material is to be given, shown, disclosed, made available, or communicated in any way,

shall first execute the undertaking in the form shown in Exhibit A, agreeing to be bound by the

terms of this Protective Order and acknowledging that Protected Material is subject to this

Protective Order, the person is authorized under Paragraph 5 to receive Protected Material, the

person has read this Protective Order, such person agrees to comply with, and be bound by, this

Protective Order, and such person is aware that contempt sanctions may be entered for violation

of this Protective Order.  Counsel to whom Protected Material is produced shall keep in his or her

1   files the original of each such executed undertaking of Protective Order until sixty (60) calendar

2   days after the final termination of this action.  Upon final termination of this action and at the

3   written request of the Producing Party, all such executed agreements shall be provided to outside

4   counsel for the Producing Party.

5        12.    **<u>No Prejudice</u>**.  Nothing contained in this Protective Order shall be construed to

6   prejudice any party's right to use Protected Material at any hearing, trial, or appeal in this

7   litigation.  In the event that any CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES

8   ONLY, and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information is used in any

9   court proceeding in this action or any appeal therefrom, such information shall not lose its

10  protection hereunder through such use.  The confidentiality of such materials shall be protected as

11  determined and directed by the Court.

12       13.    **<u>Public Or Independently Developed Information Not Protected</u>**.  None of the

13  provisions of this Protective Order shall apply to the following categories of information,

14  documents and/or things, and any party may apply to remove the restrictions set forth herein on

15  Protected Material based upon a showing that such Protected Material had been:

16       a)    available to the public at the time of its production hereunder;

17       b)    available to the public after the time of its production through no

18  unauthorized act, or failure to act, on behalf of the Receiving Party, its counsel,

19  representatives, or experts;

20       c)    known to the Receiving Party not because of an unauthorized disclosure by

21  one having obligations to maintain confidentiality, or shown to have been independently

22  developed by the Receiving Party, prior to its production herein or without use or benefit

23  of the information;

24       d)    obtained outside of this action by the Receiving Party from the Producing

25  Party without having been designated as CONFIDENTIAL, CONFIDENTIAL-

26  ATTORNEYS' EYES ONLY, and/or RESTRICTED CONFIDENTIAL-SOURCE

27  CODE, provided, however, that this provision does not negate any preexisting obligation

28  of confidentiality;

17     STIPULATION AND PROTECTIVE ORDER

e)      obtained by the Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same; or

f)      previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

14.      **Inadvertent Privileged Disclosure**.  The inadvertent production of Discovery Material subject to the attorney-client privilege, the attorney work-product immunity, or other applicable privilege or protection, will not automatically waive the privilege or protection.  The provisions of Federal Rule of Civil Procedure 26(b)(5), as amended in 2010, shall apply to such inadvertent production.

15.      **Failure To Designate**.  The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED CONFIDENTIAL-SOURCE CODE within ten (10) days from when the failure to designate first became known to the Producing Party.  A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the designated level pursuant to the terms of this Protective Order.

16.      **Unauthorized Disclosure**.  In the event of a disclosure of any Discovery Material designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, and/or RESTRICTED CONFIDENTIAL-SOURCE CODE to a person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to

1   ensure that no further or greater unauthorized disclosure and/or use thereof is made.

2   Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive

3   the right to hold the disclosed document or information as Protected.

4         17.    **Disposition Of Materials After Litigation**.  Not later than sixty (60) days after

5   the final disposition of this litigation, (including after any appeals), by order of the Court, or for

6   good cause shown, each party shall return all CONFIDENTIAL and CONFIDENTIAL-

7   ATTORNEYS' EYES ONLY Discovery Material of a Producing Party to the respective outside

8   attorneys of the Producing Party and certify in writing that all such Discovery Material has been

9   returned.  Alternatively, the Receiving Party may destroy such Discovery Material and certify in

10  writing that all such discovery material has been destroyed.  The Parties receiving such Discovery

11  Material may keep their attorney work product, all court filings, discovery requests and

12  responses, correspondence, expert reports, trial and deposition transcripts, and exhibits to all of

13  the foregoing, which refer or relate to such Discovery Material.  Attorney work product may be

14  used in subsequent litigation provided that such use does not disclose Discovery Material or any

15  information contained therein.

16        18.    **Disputes Regarding Designation**.  Any party may object in writing to any

17  designation of Discovery Material as CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS'

18  EYES ONLY, and/or RESTRICTED CONFIDENTIAL-SOURCE CODE by specifying the

19  Discovery Material to which the objection is addressed and the grounds for the objection.

20  Thereafter, further protection of such material shall be resolved in accordance with the following

21  procedures:

22        a)    The objecting party shall have the burden of conferring either in person, in

23      writing, or by telephone with the Producing Party claiming protection (as well as any

24      other interested party) in a good faith effort to resolve the dispute.  The Producing Party

25      shall have the burden of justifying the disputed designation;

26        b)    Failing agreement, the objecting party may bring a motion to the Court for

27      a ruling that the Discovery Material in question is not entitled to the status and protection

28      of the Producing Party's designation.

1        c)      Notwithstanding any challenge to a designation, the Discovery Material in

2 question shall continue to be treated as designated under this Protective Order until one of

3 the following occurs:

4        d)      the party who designated the Discovery Material withdraws such

5 designation in writing, or

6        e)      the Court rules that the Discovery Material in question is not entitled to the

7 designation.

8        19.      **Restriction On Assistance with Patent Applications**.  Absent written consent

9 from the Producing Party, any individual who reviews "HIGHLY CONFIDENTIAL –

10 ATTORNEYS' EYES ONLY" technical information or "HIGHLY CONFIDENTIAL –

11 SOURCE CODE" information shall not be involved in the prosecution of patents or patent

12 applications relating to search engines, web search, or database or server search technology,

13 including without limitation the patents asserted in this action and any patent or application

14 claiming priority to or otherwise related to the patents asserted in this action, before any foreign

15 or domestic agency, including the United States Patent and Trademark Office ("the Patent

16 Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting,

17 amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid

18 any doubt, "prosecution" as used in this paragraph does not include representing a party

19 challenging a patent or challenging any proposed claims before a domestic or foreign agency

20 (including, but not limited to, a reissue protest, ex parte reexamination or inter partes

21 reexamination).  This Prosecution Bar shall begin when "HIGHLY CONFIDENTIAL –

22 ATTORNEYS' EYES ONLY" technical information or "HIGHLY CONFIDENTIAL –

23 SOURCE CODE" information is first reviewed by the affected individual and shall end two (2)

24 years after final termination of this action.

25        20.      **Additional Protection**.  This Protective Order is entered without prejudice to the

26 right of any party to seek further or additional protection of Discovery Material for which the

27 protection of this Protective Order is not believed by such party to be adequate.  Nothing in this

28 Protective Order shall be deemed to bar or preclude any Producing Party from seeking such

additional protection, including, without limitation, an order that certain matter not be produced at all.

21.   **Protection Of Producing Party**.  If at any time Discovery Material is subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such Discovery Material and shall provide each such party with an opportunity to object to the production of confidential materials.  If a Producing Party does not move for a protective order within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Discovery Material in response thereto.

22.   **Discovery From Experts.**

a)   Discovery from experts is subject to the provisions of Federal Rule of Civil Procedure 26(b)(4).  Testifying experts shall not be subject to discovery on any draft of his or her report in this case that was written by or for the testifying expert or his or her staff and such draft reports, notes, or outlines for draft reports developed and drafted by or for the testifying expert and/or his or her staff are also exempt from discovery.

b)   Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his/her final report, trial, or deposition testimony or any opinion in this case.  No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his final report, trial, or deposition testimony or any opinion in this case.

c)   No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

d)    Materials, communications, and other information exempt from discovery under the foregoing Paragraphs (a)-(c) shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

23.    **Limitations On Protective Order**.  Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys from disclosing or using, in any manner or for any purpose, its own Discovery Material.  Notwithstanding any designation of Discovery Material by a Producing Party under this Protective Order, any witness may be shown at a deposition, trial, or evidentiary hearing, and examined on, any Discovery Material that the witness authored or previously received.  The witness may also be shown at a deposition, trial, or evidentiary hearing, and examined on, any Discovery Material for which specific documentary or testimonial evidence shows (i) that the Discovery Material was communicated to or from the witness, or (ii) that the witness was involved in the specific matter(s) addressed in the Discovery Material, or (iii) if the Producing Party of the Discovery Material agrees.  Such witness must be advised by counsel for the deposing party that his/her access to designated Discovery Material is subject to the protections of this Protective Order and that he/she may not disclose such designated Discovery Material or information contained therein to any persons not authorized under this Protective Order to receive the same.  Moreover, such witness may not retain any copies of the discovery material disclosed or any notes relating thereto.  Nothing in this Protective Order shall be construed to prevent Counsel from advising their clients with respect to this litigation based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Protective Order.  In order to facilitate settlement, nothing in this Protective Order shall be construed to prevent Counsel from disclosing to their clients summaries of Protected Materials that include financial information relevant to damages

24.    **Survival Of Protective Order**.  The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

25.    **Binding Effect**.  This Protective Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs,

legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

26. **No Waiver**. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

27. **Discovery Rules Remain Unchanged**. Except as expressly stated herein, nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or any deadlines or procedures ordered by the Court for this litigation.

28. **Effective as a Stipulation**. This Stipulation and Protective Order shall become effective as a stipulation between the parties immediately upon its execution, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately withheld or made conditional, no party shall treat any designated Discovery Material produced prior to that time other than as provided in this Protective Order without giving the Producing Party sufficient advance notice to allow for application to the Court for additional relief.

29. **Burdens of Proof**. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and, if so, what restrictions should apply.

30. **Modification by the Court**. This Protective Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Protective Order sua sponte in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the Northern District of California.

1      31.    **<u>Post-complaint Documents</u>**.  The parties agree that where a document production

2 request or other document production obligation reasonably may be interpreted to call for the

3 production of a document that (i) constitutes or reflects privileged attorney-client communications

4 between a party and its litigation counsel, is subject to a common-interest privilege relating to this

5 litigation, and/or constitutes attorney work product created in anticipation of this litigation and (ii)

6 was created on or after October 3, 2007 (the date PartsRiver filed its complaint against eBay and

7 Microsoft asserting infringement of the '821 patent), then the party responding to the request need

8 not list such documents on its privilege log and the privileged status of such document will not be

9 affected by omitting such documents from the responding party's privilege log.

10

11 **SO ORDERED**, **But see Local Rule 79-5.**

12

13      SIGNED this <u>13th</u> day of September, 2011.

14

15 _____
       CLAUDIA WILKEN
      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## UNDERTAKING TO PROTECTIVE ORDER

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Kelora Systems, LLC v. Target Corporation et al., United States District Court, Northern District of California, Civil Action No. 4:11-cv-01548-CW;  Cabela's, Inc. v. Kelora Systems, LLC, United States District Court, Northern District of California, Civil Action No. 4:11-cv-01398-CW; Nebraska Furniture Mart, Inc. v. Kelora Systems, LLC, United States District Court, Northern District of California, Civil Action No. 4:11-cv-02284-CW; and eBay, Inc. and Microsoft Corporation v. Kelora Systems, LLC, United States District Court, Northern District of California, Civil Action No. 4:10-cv-04947-CW. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

I understand that the Discovery Material and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

I further certify that I do not have any engagements and/or consulting relationships with any of the Parties to this lawsuit or principals thereof or with any of the law firms or outside counsel involved in this lawsuit that have not been disclosed.  I will return on request all materials containing Discovery Material, copies thereof, and notes that I have prepared relating thereto, to outside trial counsel for the party by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.  I make the above statements under penalty of perjury.

Name of individual: _____

Present occupation/job description: _____

1

2

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

STIPULATION AND PROTECTIVE ORDER