IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CABELA'S INC., | No. C 11-1398 CW |
|     Plaintiff, | |
|   v. | |
| KELORA SYSTEMS, LLC, | |
|     Defendant. | |
| _____/ | |
| KELORA SYSTEMS, LLC, | No. C 11-1548 CW |
|     Plaintiff, | |
|   v. | |
| TARGET CORPORATION; OFFICEMAX INCORPORATED; ROCKLER COMPANIES, INC.; 1-800-FLOWERS.COM, INC.; AMAZON.COM, INC.; DELL, INC.; OFFICE DEPOT, INC.; NEWEGG INC.; COSTCO WHOLESALE CORPORATION; HEWLETT-PACKARD COMPANY; CIRCUITCITY.COM INC; AUDIBLE, INC.; and ZAPPOS.COM, INC., | |
|     Defendants. | |
| OFFICEMAX INCORPORATED, | |
|     Third-Party Plaintiff, | |
|   v. | |
| ADOBE SYSTEMS INCORPORATED, | |
|     Third-Party Defendant. | |
| _____/ | |

| | | |
|---|---|---|
| 1 | NEBRASKA FURNITURE MART, INC., | No. C 11-2284 CW |
| 2 | Plaintiff, | ORDER REGARDING MOTION OF KELORA SYSTEMS, LLC TO FILE UNDER SEAL THE DECLARATION OF SHAWN G. HANSEN |
| 3 | v. | |
| 4 | KELORA SYSTEMS, LLC, | |
| 5 | Defendant. | |
| 6 | _____/ | |
| 7 | AND ALL RELATED COUNTERCLAIMS | |
| 8 | _____/ | |

Pursuant to Local Rule 79-5(d), Kelora Systems, LLC moves for an order sealing the Declaration of Shawn G. Hansen, submitted in support of Kelora Systems, LLC's Opposition to Defendants' Claim Construction Brief and Motion for Summary Judgment of Invalidity and Non-Infringement, and Exhibits A through E attached to the declaration. In support of its motion, Movant offers a declaration that these exhibits "contain materials that have been designated by other parties as 'Highly Confidential -- Attorneys' Eyes Only' under the Protective Order in these cases." Hansen Decl. ¶ 3.

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil L.R. 79-5(a).

2

1    Further, if a party wishes to file a document that has been
2 designated confidential by another party, the submitting party
3 must file and serve an Administrative Motion for a sealing order.
4 Civil L.R. 79-5(d).  The submitting party must provide adequate
5 notice to the designating party that the submitting party is
6 seeking to file material that the designating party believes is
7 confidential, because within seven days after the administrative
8 motion is filed, the designating party must file a declaration
9 establishing that the information is sealable.  Id.  If the
10 designating party does not file its responsive declaration, the
11 document or proposed filing will be made part of the public
12 record.  Id.
13    Here, Movant relies on conclusory statements and does not
14 make clear which "other parties" have designated this material as
15 "Highly Confidential -- Attorneys' Eyes Only."  Based upon a
16 review of the material which Movant seeks to seal, it appears that
17 multiple parties to these cases, as well as Endeca, a third-party
18 who is not a party to these cases, may consider this material to
19 be confidential.  It is not clear that Endeca has been served with
20 or otherwise notified of the motion to seal and its obligation to
21 support its designation of confidentiality.
22    Movant is ordered to file an amended motion to file under
23 seal to include a specific statement as to which parties or third-
24 parties have designated this material to be confidential.  If a
25 third-party has designated this material to be confidential,
26 Movant shall also file proof with the Court that it has served
27 that third-party with a copy of the amended motion and of this
28 order.  Within seven days after the amended motion is filed and

3

served, any parties who consider the information to be confidential shall file a declaration in support of the motion to seal. The declarations must state with particularity good cause to file each document under seal in light of Local Rule 79-5 and applicable law.

If the parties designating the material as confidential fail to file their responsive declarations as required by Local Rule 79-5(d), the document or proposed filing will be made part of the public record, to the extent that the motion relied upon their designation. Filings made hereunder may not exceed five pages, excluding declarations and exhibits.

In the future, all parties must follow Local Rule 79-5 and these procedures.

IT IS SO ORDERED.

Dated: 10/17/2011

CLAUDIA WILKEN
United States District Judge