**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CABELA'S INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>KELORA SYSTEMS, LLC,<br><br>    Defendant.<br>_____/ | No. C 11-1398 CW |
| KELORA SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION; OFFICEMAX INCORPORATED; ROCKLER COMPANIES, INC.; 1-800-FLOWERS.COM, INC.; AMAZON.COM, INC.; DELL, INC.; OFFICE DEPOT, INC.; NEWEGG INC.; COSTCO WHOLESALE CORPORATION; HEWLETT-PACKARD COMPANY; CIRCUITCITY.COM INC; AUDIBLE, INC.; and ZAPPOS.COM, INC.,<br><br>    Defendants.<br>OFFICEMAX INCORPORATED,<br><br>    Third-Party Plaintiff,<br><br>  v.<br><br>ADOBE SYSTEMS INCORPORATED,<br><br>    Third-Party Defendant.<br>_____/ | No. C 11-1548 CW |

| | | |
|---|---|---|
| NEBRASKA FURNITURE MART, INC., | | No. C 11-2284 CW |
| Plaintiff, | | ORDER REGARDING MOTION OF CABELA'S INC., NEBRASKA FURNITURE MART, INC. AND NEWEGG INC. TO FILE UNDER SEAL THE DECLARATION OF RAY R. LARSON |
| v. | | |
| KELORA SYSTEMS, LLC, | | |
| Defendant. | | |

AND ALL RELATED COUNTERCLAIMS
_____/

On September 15, 2011, Plaintiffs and Counterclaim-Defendants Cabela's Inc. and Nebraska Furniture Mart, Inc. and Defendant and Counterclaim-Plaintiff Newegg Inc. filed a motion pursuant to Local Rule 79-5(d) for an order sealing the Declaration of Ray R. Larson submitted in connection with their Motion for Summary Judgment of Invalidity and Non-Infringement.  Movants based their request on conclusory statements that the declaration contained or referred to materials that Movants have designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under the blanket Protective Order in effect in these cases and that a third-party, Endeca, considered information contained or referred to in the declaration to be proprietary and confidential.

On September 27, 2011, this Court issued an order stating that Movants had not provided sufficient information to establish that the document, or portions thereof, was privileged or protectable as a trade secret or otherwise entitled to protection under the law, as required under Local Rule 79-5(a), and granted Movants four additional days, or until October 3, 2011, to provide additional information to meet this requirement.  The order

2

further warned that failure to provide additional information would result in the denial of the motion to the extent that the motion was based on the conclusory statement relying on a blanket protective order.

The Order further directed Movants to serve Endeca with copies of the order and the motion to seal within seven days, and directed Endeca, if Endeca sought to seal the information, to file a declaration in support of the motion providing good cause to seal within fourteen days, or by October 11, 2011, as required by Local Rule 79-5(d).

Movants have not provided additional information to conform with Local Rule 79-5(a).  Further, although Movant Newegg Inc. has filed a certificate of service stating that Endeca was served on September 28, 2011, Endeca has not filed a declaration in support of the motion to seal.

Accordingly, the motion to seal is DENIED.  Movants are directed to file the Declaration of Ray R. Larson in the public record within four days, if they wish it to be considered.

IT IS SO ORDERED.

Dated: 10/17/2011

CLAUDIA WILKEN
United States District Judge