MANATT, PHELPS & PHILLIPS, LLP
ROBERT D. BECKER (Bar No. CA 160648)
E-mail:  rbecker@manatt.com
RONALD S. KATZ (Bar No. CA 085713)
E-mail:  rkatz@manatt.com
SHAWN G. HANSEN (Bar No. CA 197033)
E-mail:  shansen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA  94304-1006
Telephone:  (650) 812-1300
Facsimile:  (650) 213-0260

*Attorneys for*
KELORA SYSTEMS, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| Cabela's Inc., | No. 4:11-cv-1398-CW (filed Mar. 23, 2011) (related case) |
| *Plaintiff and Counterclaim-Defendant*, | **KELORA SYSTEMS, LLC'S REPLY TO RESPONSE OF NEBRASKA FURNITURE MART, INC. TO KELORA SYSTEMS, LLC'S AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND THE DECLARATIONS OF SONG AND MERHAR IN SUPPORT THEREOF** |
| vs. | |
| Kelora Systems, LLC, | |
| *Defendant and Counterclaim-Plaintiff.* | |

| | | |
|---|---|---|
| Kelora Systems, LLC, | ) | No. 4:11-cv-1548-CW (filed Nov. 8, 2010) |
| | ) | (related case) |
| *Plaintiff and Counterclaim-Defendant*, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Target Corporation; OfficeMax Incorporated; Rockler Companies, Inc.; 1-800-Flowers.com, Inc.; Amazon.com, Inc.; Dell, Inc.; Office Depot, Inc.; Newegg Inc.; Costco Wholesale Corporation; Hewlett-Packard Company; CircuitCity.com Inc.; Audible, Inc.; and Zappos.com, Inc., | ) | |
| | ) | |
| *Defendants and Counterclaim-Plaintiffs*. | ) | |
| | ) | |
| Nebraska Furniture Mart, Inc., | ) | No. 4:11-cv-2284-CW (filed Feb. 3, 2011) |
| | ) | (related case) |
| *Plaintiff and Counterclaim-Defendant*, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kelora Systems, LLC, | ) | |
| | ) | |
| *Defendant and Counterclaim-Plaintiff*. | ) | |

Kelora Systems, LLC ("Kelora") respectfully submits this Reply to the Response of Nebraska Furniture Mart Inc. ("NFM") to Kelora Systems, LLC's Amended Administrative Motion to File Under Seal ("Amended Motion to File Under Seal")[1] and the Declarations of Song and Merhar in support of Kelora's Amended Motion to File Under Seal. Docket Nos. 99 and 100 in Case No. 4:11-cv-002284-CW; Docket Nos. 87 and 89 in Case No. 4:11-cv-01398-CW; and Docket Nos. 398 and 401 in Case No. 4:11-cv-01548-CW. In particular, Kelora submits this Reply in response to the statements in NFM's Response and the Declarations of Song and Merhar that Kelora did not serve Endeca with a copy of this Court's October 17, 2011, Order and of Kelora's Amended Motion to File Under Seal. *Id*.

---

[1] Kelora's Amended Motion to File Under Seal and the Hansen Declaration in support thereof were filed as Docket Nos. 82 and 83 in Case No. 4:11-cv-01398-CW; Docket Nos. 393 and 394 in Case No. 4:11-cv-01548-CW; and Docket Nos. 94 and 95 in Case No. 4:11-cv-02284-CW.

1   As noted in Kelora's Amended Motion to File Under Seal and the Hansen Declaration in
2   support thereof, the exhibits at issue in Kelora's Amended Motion to File Under Seal were
3   produced and designated as confidential to Kelora **by parties to this litigation**, namely, NFM,
4   Cabela's, Inc. ("Cabela's"), and Newegg Inc. ("Newegg"), and **not by Endeca**. Amended
5   Motion to File Under Seal, p. 2; Hansen Decl. ISO Amended Motion to File Under Seal, ¶¶ 4-8.
6   As such, on October 18, 2011, Kelora advised all parties that it believed that the Court's October
7   17, 2011, Order did not require Kelora to serve on Endeca or any other third party a copy of the
8   Order or of Kelora's Amended Motion to File Under Seal. Hansen Decl. ISO Amended Motion
9   to File Under Seal, ¶ 10 and Exhibit 1. No party, including NFM, advised Kelora of any dispute
10  with that position. Indeed, Kelora had not received any designation of confidentiality by Endeca
11  or any other response to Kelora's notice of October 18, 2011, as of the time Kelora filed its
12  Amended Motion to File Under Seal. Amended Motion to File Under Seal, p. 3; Hansen Decl.
13  ISO Amended Motion to File Under Seal, ¶ 9.

14   After the filing of Kelora's Amended Motion to File Under Seal, NFM provided Kelora
15  with "consent" to the disclosure to Endeca of Exhibit E and also notified Endeca of the Court's
16  Order and Kelora's Amended Motion to File Under Seal. Song Decl., ¶ 5; Merhar Decl., ¶ 4.
17  NFM's Response and Mr. Song's Declaration explain that NFM designated Exhibits A and E[2] as
18  "Confidential - Attorneys' Eyes Only" pursuant to the Protective Order because NFM believed
19  that Endeca considers the information to be confidential. Song Decl., ¶¶ 3-5. However, NFM
20  never disputed Kelora's stated position that the Court's October 17, 2011, Order did not require
21  Kelora to serve on Endeca or any other third party a copy of the Order or of Kelora's Amended
22  Motion to File Under Seal. Instead, NFM, as the party that produced and designated Exhibits A
23  and E as "Confidential - Attorneys' Eyes Only", provided the subject materials to Endeca on
24  October 22, 2011. Song Decl., ¶ 5; Merhar Decl., ¶ 4. Notably, although Exhibit A contains
25  excerpts of Exhibit E read into the record during the deposition of Prof. Larson, Mr. Song's

---

[2] Unless otherwise noted, Exhibits A and E referenced herein are Exhibits A and E to the Declaration of Shawn G. Hansen In Support of Kelora Systems, LLC's Opposition to Defendants' Claim Construction Brief and Motion for Summary Judgment of Invalidity and Non-Infringement, dated October 11, 2011 ("Hansen Declaration").

Declaration states that Endeca does not consider the deposition transcript excerpts in Exhibit A to be confidential. Song Decl., ¶ 4.

Kelora has taken care to honor the protective order designations it received from NFM, Cabela's and Newegg, and to comply with the Court's October 17, 2011, Order. Kelora had not received any request for confidential treatment from Endeca until the filing of the Declaration of Merhar. Accordingly, in the absence of any dispute of the positions stated in Kelora's October 18, 2011, notice to NFM, Cabela's and Newegg and all other parties, attached as Exhibit 1 to the Hansen Declaration in support of Kelora's Amended Motion to File Under Seal, Kelora believes that all parties are in agreement that the Court's October 17, 2011, Order did not require Kelora to serve on Endeca or any other third party a copy of the Court's Order or of Kelora's Amended Motion to File Under Seal.

Kelora does not oppose the filing under seal of Exhibits B-E to the Hansen Declaration, as requested by NFM, Cabela's, Newegg, and Endeca.

DATED: October 31, 2011

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Shawn G. Hansen
Robert D. Becker
Ronald S. Katz
Shawn G. Hansen
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300
Email: rbecker@manatt.com
Email: rkatz@manatt.com
Email: shansen@manatt.com

*Attorneys for*
KELORA SYSTEMS, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 31, 2011, all counsel of record who are deemed to have consented to electronic service are being served, via the Court's CM/ECF system pursuant to Civil L.R. 5-4 and General Order 45, with a copy of the foregoing KELORA SYSTEMS, LLC'S REPLY TO RESPONSE OF NEBRASKA FURNITURE MART, INC. TO KELORA SYSTEMS, LLC'S AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND THE DECLARATIONS OF SONG AND MERHAR IN SUPPORT THEREOF.

/s/ Shawn G. Hansen
Shawn G. Hansen

300935377.1