IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CABELA'S INC., | No. C 11-1398 CW |
|     Plaintiff, | |
|   v. | |
| KELORA SYSTEMS, LLC, | |
|     Defendant. | |
| _____/ | |
| KELORA SYSTEMS, LLC, | No. C 11-1548 CW |
|     Plaintiff, | |
|   v. | |
| TARGET CORPORATION; OFFICEMAX INCORPORATED; ROCKLER COMPANIES, INC.; 1-800-FLOWERS.COM, INC.; AMAZON.COM, INC.; DELL, INC.; OFFICE DEPOT, INC.; NEWEGG INC.; COSTCO WHOLESALE CORPORATION; HEWLETT-PACKARD COMPANY; CIRCUITCITY.COM INC; AUDIBLE, INC.; and ZAPPOS.COM, INC., | |
|     Defendants. | |
| OFFICEMAX INCORPORATED, | |
|     Third-Party Plaintiff, | |
|   v. | |
| ADOBE SYSTEMS INCORPORATED, | |
|     Third-Party Defendant. | |
| _____/ | |

| | |
|---|---|
| NEBRASKA FURNITURE MART, INC., | No. C 11-2284 CW |
| Plaintiff, | ORDER GRANTING IN PART, AND DENYING IN PART, AMENDED ADMINISTRATIVE MOTION OF KELORA SYSTEMS, LLC TO FILE UNDER SEAL THE DECLARATION OF SHAWN G. HANSEN AND EXHIBITS A THROUGH E (Docket No. 393) |
| v. | |
| KELORA SYSTEMS, LLC, | |
| Defendant. | |
| AND ALL RELATED COUNTERCLAIMS | |

On October 21, 2011, Kelora Systems, LLC filed an amended administrative motion seeking an order sealing the Declaration of Shawn G. Hansen, submitted in support of Kelora Systems, LLC's Opposition to Defendants' Claim Construction Brief and Motion for Summary Judgment of Invalidity and Non-Infringement, and Exhibits A through E attached to the declaration. In support of its motion, Kelora Systems, LLC offered a declaration stating that various other parties and non-parties to this action had designated the exhibits to be confidential or may consider them to be so. Hansen Decl. ¶¶ 4-8, 11.

On October 28, 2011, Nebraska Furniture Mart, a party to this action who had designated Exhibits A and E as confidential, filed a declaration stating that it was withdrawing its designation of confidentiality as to Exhibit A, that it had designated Exhibit E as confidential at the request of Endeca Technologies, Inc. (Endeca), a non-party to this action, and that it believed that Endeca would separately file a declaration to support the sealing

2

of Exhibit E.  Song Decl. ¶¶ 3-5.  On the same date, Endeca filed a declaration providing reasons supporting the sealing of Exhibit E.  Merhar Decl. ¶¶ 5-7.  On that date, Cabela's Inc. and Newegg Inc., parties to this action, also filed declarations providing reasons supporting the sealing of Exhibits B through D.  Balduaf Decl. ¶¶ 3-5; Akbar Decl. ¶¶ 3-6.

Kelora Systems, LLC's filings are connected to a dispositive motion.  Because other parties designated the documents at issue as confidential, they must file a declaration establishing that the documents are sealable.  Civ. L.R. 79-5(d).  To do so, they "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'"  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  Civ. Local R. 79-5(a).

No party or non-party has filed a declaration establishing that the Declaration of Shawn G. Hansen or Exhibit A thereto is sealable.  Accordingly, Kelora System, LLC's motion is DENIED to the extent that it pertains to the Hansen Declaration and Exhibit A.

Cabela's Inc., Newegg Inc. and Endeca Technologies, Inc., however, have provided reasons supporting the sealing of the Exhibits B through E of the Hansen Declaration, which Kelora

3

System, LLC filed along with its opposition to Defendants' claim construction brief and motion for summary judgment. Accordingly, Kelora Systems, LLC's motion for leave to file documents under seal is GRANTED to the extent it pertains to the Exhibits B through E.

    Within four days of the date of this Order, Kelora Systems, LLC may electronically file the Hansen Declaration and Exhibit A in the public record, or may withdraw them, and may file Exhibits B through E under seal, in accordance with General Order 62. Civ. L.R. 79-5(e).

    IT IS SO ORDERED.

Dated: **11/2/2011**

_____
CLAUDIA WILKEN
United States District Judge