IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBAY INC.; and MICROSOFT CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>KELORA SYSTEMS, LLC,<br><br>    Defendant.<br>_____/ | No. C 10-4947 CW |
| CABELA'S INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>KELORA SYSTEMS, LLC,<br><br>    Defendant.<br>_____/ | No. C 11-1398 CW |
| KELORA SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION; OFFICEMAX INCORPORATED; ROCKLER COMPANIES, INC.; 1-800-FLOWERS.COM, INC.; AMAZON.COM, INC.; DELL, INC.; OFFICE DEPOT, INC.; NEWEGG INC.; COSTCO WHOLESALE CORPORATION; HEWLETT-PACKARD COMPANY; CIRCUITCITY.COM INC; AUDIBLE, INC.; and ZAPPOS.COM, INC.,<br><br>    Defendants.<br>_____/ | No. C 11-1548 CW |

| | | |
|---|---|---|
| NEBRASKA FURNITURE MART, INC., | | No. C 11-2284 CW |
| Plaintiff, | | ORDER DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND SETTING DISCOVERY AND BRIEFING SCHEDULE FOR RENEWED MOTION FOR SUMMARY JUDGMENT |
| v. | | |
| KELORA SYSTEMS, LLC, | | |
| Defendant. | | |

AND ALL RELATED COUNTERCLAIMS

Plaintiffs and Counterclaim-Defendants eBay, Inc., Microsoft Corporation, Cabela's Inc. and Nebraska Furniture Mart, Inc., Defendants and Counterclaim-Plaintiffs Target Corporation, Office Max, Incorporated, Rockler Companies, Inc., 1-800-Flowers.com, Inc., Amazon.com, Inc., Dell, Inc., Office Depot, Inc., Newegg, Inc., Costco Wholesale Corporation, Hewlett-Packard Company, CircuitCity.com Inc., Audible, Inc. and Zappos.com, Inc. (collectively, Defendants) move for summary judgment on the claims filed against them by Defendant/Counterclaim-Plaintiff and Plaintiff/Counter-claim Defendant Kelora Systems, LLC (Kelora), based on arguments of non-infringement and invalidity of Kelora's U.S. Patent No. 6,275,821 ('821 patent) due to obviousness and broadening during re-examination.

Having considered the papers filed by the parties and their oral arguments, the Court DENIES without prejudice Defendants' motion for summary judgment to the extent that it argues that the '821 patent was invalid under 35 U.S.C. § 103 due to obviousness.

2

While it is true that expert testimony is not always required for this inquiry, the Federal Circuit has also held that, in some circumstances, expert testimony may be essential to assist the Court in determining obviousness. See Wyers v. Master Lock Co., 616 F.3d 1231, 1239, 1239 n.5 (Fed. Cir. 2010) ("KSR and our later cases establish that the legal determination of obviousness may include recourse to logic, judgment, and common sense, in lieu of expert testimony," though in some cases, expert testimony may be "essential"). The Court finds that, without the assistance of expert testimony, Defendants have not met their burden to demonstrate that "resubmission" was obvious at the time of invention.

Defendants are granted leave to supplement their motion for summary judgment. The parties are limited to addressing the obviousness of "resubmission" and shall not repeat any other arguments or facts already provided in their original filings.

The parties may refer to the exhibits submitted in connection with their prior filings. Defendants may not submit any additional evidence beyond an expert declaration and supporting documents thereto, and Kelora may not submit additional evidence beyond a rebuttal expert declaration and supporting documents thereto, if Kelora desires to make such a submission. Defendants shall disclose the identity and report of their expert witness within fourteen days of the date of this order, and Kelora shall disclose its rebuttal expert report, if any, within one week thereafter. The parties shall complete expert discovery within two weeks after the deadline for Kelora's disclosure.

3

Defendants shall file their supplemental brief on their motion for summary judgment, which may not exceed ten pages, by January 13, 2012.  Kelora shall file its opposition to Defendants' renewed motion, if any, which may not exceed ten pages, by January 20, 2012.  Defendants shall file their reply to Kelora's opposition, if any, which may not exceed five pages, by January 25, 2012.  The Court will decide the renewed motion on the papers.

The remaining issues raised by Defendants in their motion for summary judgment are under submission.

IT IS SO ORDERED.

Dated: 12/6/2011

CLAUDIA WILKEN
United States District Judge